SAMUEL SCHWARTZ, Respondent, v. BROOKLYN & QUEENS TRANSIT CORPORA-TION, Appellant.— In an action to recover damages for personal injuries, order granting plaintiff's motion to examine defendant as an adverse party, by the operator of its street car, reversed on the law, with ten dollars costs and disbursements, and motion denied, without costs. Section 289 of the Civil Practice Act contemplates examination of defendant by employees who are such at the time of the examination, and if the relationship does not then exist, the court is without power to direct examination of the defendant as an adverse party through such a former employee. (*McGowan* v. *Eastman*, 271 N. Y. 195.) Irrespective of the manner in which the relationship of employer and employee was severed, there is no statutory authority for examination of the defendant, through a former employee, as an adverse party and so there is no power in the court to direct such examination. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

STANLEY SKIDMORE, Respondent, v. SOL. A. ROSENBLATT and ELIZABETH ROSENBLATT, Appellants.— In an action to recover damages for personal injuries sustained in removing shrubs on the premises of the defendants, his employers, judgment in favor of the plaintiff, entered upon the verdict of the jury, affirmed, with costs. On a previous appeal (*Skidmore* v. *Rosenblatt*, 258 App. Div. 919) we held that the plaintiff had established *prima facie* proof of negligence on the part of the defendants and reversed a dismissal of the complaint at the close of the plaintiff's case. This required the question of negligence to be submitted to the jury and we do not find that the present verdict is against the weight of the evidence. Lazansky, P. J., and Carswell, J., concur; Hagarty and Close, JJ., concur on authority of *Skidmore* v. *Rosenblatt* (*supra*), adhering, however, to the view expressed in their dissenting memorandum in that case, namely, that the plaintiff's own testimony showed that he assumed an obvious risk and that such testimony required a dismissal of the complaint as a matter of law; Adel, J., concurs on the authority of *Skidmore* v. *Rosenblatt* (*supra*).