WILHELMINE R. BILICKA, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 28179.)

Court of Claims, September 3, 1946.

*Irving L. Young* and *Alfred M. Schaffer* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Edward R. Murphy* of counsel), for defendant.

BARRETT, P. J.  Claimant while a passenger on a bodsled at the Mt. Van Hoevenberg Olympic Bob Sled Run at Lake Placid on December 28, 1945, was injured and filed this claim against the State to recover damages for the injuries caused by the alleged negligence of the driver and brakeman of the sled, both of whom it is claimed were employees of the Conservation Department of the State.  Answering affidavits denying such employment have been submitted by the State and testimony on that question has been heard.  It appears from the moving papers that the name of the driver was Donna Fox and of the brakeman, Duprey, neither of which names, according to the testimony, appears on the payroll records of the Conservation Department since November 1, 1945.  A pamphlet issued by the Conservation Department and received in evidence at the hearing entitled " Interesting Facts about the Mt. Van Hoevenberg Olympic Bob Sled Run ", states " competent professional drivers, employees of the Conservation Department, operate the sleds ".  It is not denied that the sled had a driver and brakeman at the time of the accident and in view of the statement quoted from the pamphlet, it seems likely that in some manner they were employees of the State, but it also appears that they were not such employees at the time when the motion was made.  By subdivision 2 of section 17 of the Court of Claims Act (L. 1939, ch. 860) it is provided that an employee of the State may on motion of claimant under certain conditions be examined as an adverse party.  Obviously as the persons whose examinations are herein requested are not employees of the State they cannot now be so examined.

However, the same subdivision also provides for the examination of a witness.  In that connection, section 288 of the Civil Practice Act provides for taking the deposition of a person other than a party where such person is unavailable under certain specified conditions.  This section we think must be read in connection with said subdivision 2 of section 17 of the Court of Claims Act which, as before stated, provides for the examination of a witness by claimant.  There is, however, no proof before the court of such unavailability of either of such persons to appear and testify and the motion must, therefore, be denied. (*Masciarelli* v. *Delaware & Hudson R. R. Co.*, 178 Misc. 458.)

An order may be submitted accordingly.

GREENBERG, J., concurs.