MORRIS CONNOR, as Administrator of the Estate of SEYMOUR CONNOR, Deceased, Claimant, v. STATE OF NEW YORK, Defendant. (Claim No. 27470.)

Court of Claims, January 3, 1947.

*Nathaniel L. Goldstein, Attorney-General (Gerald J. Carey* of counsel), for defendant.

*Jonas Ellis* and *Emil K. Ellis* for claimant.

GREENBERG, J. The motion for leave to reargue is granted and, upon reargument, the original decision is adhered to.

An order was heretofore made by Presiding Judge BARRETT directing the State of New York to submit to an examination before trial as an adverse party. At the time of the application and the examination which followed, Dr. Swire and Dr. Evans were in the employ of the State. During the examination, the Attorney-General raised certain objections to the propriety of questions put to these witnesses. An application was thereafter made to this court to compel the witnesses to answer

and an order was made so directing. It now develops that since the original examination, the witnesses are no longer employed by the State and that one of them presently resides in California.

The argument proferred by the State that the continued examination (before trial) should be denied by reason of the fact that the witnesses are no longer employed by the State is untenable. A perusal of section 17 of the Court of Claims Act (L. 1939, ch. 860) and of sections 288 *et seq.* of the Civil Practice Act and title 15 of the Rules of Civil Practice (rule 120 *et seq.*) permits of no such construction. The sections of law contemplate an examination of the State, or corporate or association defendant, by employees who are such at the time of the examination.

To deny a party the right to continue the examination of an employee, who has since the original examination severed his relationship with his employer, would work an undue hardship and might in some instances open the door to fraud and encourage unethical practices. Faced with damaging testimony already adduced in the examination, attorneys might interpose baseless and dilatory objections and, during the period of time that it would take to bring the matter on before the court, cause the examining defendant to sever his relationship with the employee being examined. No such statutory construction could have been intended.

The citations referred to by the Attorney-General do not apply. The cases of *Schwartz* v. *Brooklyn & Queens Transit Corp.* (260 App. Div. 947) and *McGowan* v. *Eastman* (271 N. Y. 195) are distinguishable in that they involved applications to examine persons who were then *former* employees of corporate defendants.

Submit order directing the examination to be continued at a time and place mutually convenient to counsel. If the Attorney-General is unable to produce said witnesses within thirty days, resort may be had, to effect the purpose of the order, to subpœna and to the issuance of a commission without the State to take testimony on written interrogatories.