JOSEPH E. FLEMING, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 29338.)

Court of Claims, March 30, 1949.

*Robert F. MacCameron* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Joseph Drago* of counsel), for defendant.

LAMBIASE, J. Claimant in his claim filed herein alleges that:

" 2. Between the dates of January 14 and 19, 1948, inclusive, the Commissioner of Agriculture and Markets of the State of New York, purported to cause a physical examination, and/or tuberculin test, and/or vaccination of some or all of claimant's cattle, to be made by one Doctor J. D. Nundy, Veterinarian;

" 3. On information and belief, the said examination, and/or test, and/or vaccination, were conducted in a careless, negligent and improper manner, in that said Doctor J. D. Nundy failed to take proper and sufficient measures to prevent the infection of

claimant's herd of 24 cattle with a disease known as winter-diarrhoea, and negligently and carelessly caused the said herd to become infected with said disease;

" 4. On information and belief, that the said cattle of claimant became sick, as aforementioned, solely through the negligence of the State of New York, its officers, agents and/or employees, without any negligence on the part of the claimant contributing thereto." (Paragraph Third, Claimant's Claim.)

By this motion duly returnable before this court at the Monroe County Court House in the city of Rochester, New York, on March 16, 1949, but heard that day at the chambers of this court in said city, claimant asks for an order " directing the examination before trial of Dr. J. D. Nundy, veterinarian, and/or Eugene Fleming " on the matters particularly set forth in the notice of motion. Specifically, claimant has moved under that part of subdivision 2 of section 17 of the Court of Claims Act in which it is provided that upon the application of a claimant, an officer or employee of the State may, under certain conditions, be examined as an adverse party.

It appears that Dr. J. D. Nundy is an employee of the State. However, in its answering affidavits duly filed with this court on the return day of said motion, the State submits that a search of the payroll records of the Department of Agriculture and Markets, particularly with reference to any and all persons employed by the State of New York in connection with the tuberculin program as applicable to cattle within the State of New York covering the period January 1, 1948, to March 9, 1949, which includes the dates alleged in the claim, discloses that no one by the name of Eugene Fleming was, during that period of time, employed by the State of New York in connection with the aforementioned tuberculin program, and particularly as it applied to the county of Monroe, New York. In fact, it submits that there is no evidence that said Eugene Fleming ever was a State employee. Neither in the affidavit of the claimant on this motion nor in his claim is it alleged or stated that Eugene Fleming is an employee of the State of New York, and counsel for the claimant frankly states that he does not know whether or not Eugene Fleming is an employee of the State of New York.

Subdivision 2 of section 17 of the Court of Claims Act, section 288 et seq. of the Civil Practice Act, and title 15 of the Rules of Civil Practice, rule 120 et seq., contemplate an examination of the State or of a corporate or association defendant by employees who are such at the time of the motion. Obviously, therefore, as

it does not appear that Eugene Fleming, whose examination is herein requested, is an employee of the State of New York, he cannot now be so examined. (*Bilicka* v. *State of New York,* 187 Misc. 533; *Schwartz* v. *Brooklyn & Queens Transit Corp.,* 260 App. Div. 947, motion for.leave to appeal to Court of Appeals denied 261 App. Div. 838; *McGowan* v. *Eastman,* 271 N. Y. 195; see, also, *Connor* v. *State of New York,* 188 Misc. 120, appeal dismissed 272 App. Div. 1087, motion for leave to appeal to the Court of Appeals denied, 273 App. Div. 829.) Testimony on that question may have to be taken or the examination of Dr. Nundy may disclose the status of Eugene Fleming.

Therefore, the motion is granted as to Dr. J. D. Nundy, Veterinarian, but that part thereof affecting Eugene Fleming, no objection being made thereto, is hereby severed from this motion, is left undetermined, and is held in abeyance until after the examination of Dr. J. D. Nundy has been had, and for that purpose is continued to a date following the examination of Dr. J. D. Nundy to be agreed upon by counsel or the parties hereto, at which time final disposition thereof will be made by the court.

The order herein shall provide that the examination of Dr. J. D. Nundy may be held at such time and place as may be agreed upon by the parties hereto or by their attorneys, and that it be had before a person to be named in the order qualified under the laws of the State of New York or agreed upon between the parties hereto or their attorneys; that the testimony upon said examination may be taken by an official court stenographer or by any stenographer deemed qualified by agreement of the parties or their attorneys; and that the fees and expenses of such examination shall be paid by claimant, including the cost of a copy of the stenographer's minutes thereof to be furnished to the Attorney-General.

In the event that the parties are unable to agree as to any of the matters upon which agreement is required, the court, upon presentation of the proposed order and without further notice, will make disposition of such matters.

Submit order accordingly.