Harold Tessleb, J.
TMs is a motion by plaintiff for an order striking out the answer of defendant for alleged noncompliance with an order of this court dated April 19,1961 that directed defendant corporation to appear for further examination before trial by three of its employees and to produce certain books, records and documents to be utilized in connection therewith. Plaintiff also moves to hold defendant in contempt of court for said noncompliance.
The aforesaid order provided that the examination would be held on May 24, 1961, at which time one Donald Lohmeyer and two other employees were to be examined and ‘ ‘ that upon such examination each witness shall produce such books, records and documents as may be necessary to comply with section 296 of the Civil Practice Act, including those daily sales reports made by the plaintiff pertinent to the alleged cash shortages, communications from passengers relating to the failure of plaintiff to furnish receipts for charges for excess baggage fees collected by him and communications in the nature of character references made by defendant of and concerning plaintiff.”
Although the order provided for the three named employees to appear for examination, on the date set therefor only two of them appeared. Donald Lohmeyer was not produced by defendant to testify in its behalf since, according to the affidavit in opposition, “ at that time and for some time prior to that date Mr. Lohmeyer was not in the employ of defendant and not subject to its direction and control.” A further affidavit, annexed to the papers in opposition, by a senior vice-president and secretary of defendant corporation, states “ that he [the affiant] knows Donald E. Lohmeyer who was formerly Director of Security .employed by National Airlines, Inc., that *89 the said Donald E. Lohmeyer is no longer employed by National Airlines, Inc., or subject to its control, he having left active employment with National Airlines, Inc., as of March 9, 1961.” Apparently, at the time the motion was argued upon which the order of April 19, 1961 was made, the attorneys for the defendant corporation were not aware that Lohmeyer was no longer in the employ of their client.
Since section 289 of the Civil Practice Act contemplates examination of corporations by employees who are such at the time of the examination, if the relationship does not then exist, the court is without power to direct examination of the corporate adverse party through such former employee. (McGowan v. Eastman, 271 N. Y. 195.) As noted by the Appellate Division of the Second Department, ‘1 Irrespective of the manner in which the relationship of employer and employee was severed, there is no statutory authority for examination of the defendant, through a former employee, as an adverse party and so there is no power in the court to direct such examination.” (Schwartz v. Brooklyn & Queens Tr. Corp., 260 App. Div. 947.) Indeed, the corporation may not be examined by one who is not in its employ at the time a notice is served or the order made. (Green Point Sav. Bank v. Central Gardens Unit No. 1, 280 App. Div. 987.) Such a former agent or employee may, however, ‘ ‘ be individually examined as a witness before trial, if the facts necessary for the examination of a witness otherwise appear.” (City of Buffalo v. Hanna Furnace Corp., 305 N. Y. 369, 377.)
Under these circumstances here presented, the court is of the opinion that while defendant has not failed to comply with the order directing Lohmeyer to appear for examination, the interests of justice would best be served if defendant furnishes plaintiff with this former employee’s address, in order that plaintiff may move to examine him as a witness. (Gutley v. Huron Stevedoring Corp., 274 App. Div. 1061.)
Plaintiff also contends that defendant has failed to comply with that provision of the order providing for the production of certain books, records and documents. Plaintiff takes the position that the order provides for “ all daily sales reports made by plaintiff during the course of his employment” and since such were not produced, there has been noncompliance on the part of the defendant. The court does not agree, since the order specifically provides that only those daily sales reports made by plaintiff “pertinent to the alleged cash shortages” are to be produced.
*90 With respect to plaintiff’s contention that defendant has failed to produce communications in the nature of character references made by defendant of and concerning plaintiff, the court notes that at the examination before trial of David H. Amos he stated that ‘ ‘ there could be other communications contained in other records that would not be reflected in the master file. What they may be or may not be, of course, I couldn’t reflect, I don’t know.” The court is of the opinion that defendant has failed to comply with that aspect of the order directing the production of such documents.
That branch of the motion to punish defendant for contempt is denied since such relief is not available where, as here, the party was not personally served with the order. (New England Inds. v. Margiotti, 270 App. Div. 488.) The motion to strike defendant’s answer is denied on condition that David H. Amos appear for a further examination before trial, to be held in Special Term, Part II, of this court at a date and time to he fixed in the order to be entered hereon, at which time all communications in the nature of character references made by defendant of and concerning the plaintiff, will be produced, and the current address of Donald Lohmeyer will be given to plaintiff. Should defendant not know the current address of Lohmeyer it shall so state under oath, in which event the last known address will be given to plaintiff.