■ GEORGE C. BERGLEITNER, JR., Appellant, v EDWARD WEISS et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered September 19, 1974 in Delaware County, which granted defendants' motion to change the venue of a contract action from Delaware County to Queens County. We do not reach the merits of this appeal for the reason that the action was improperly commenced in violation of an order staying suits issued by the United States District Court, Southern District of New York, on October 25, 1973. This action was commenced on November 8, 1973. Defendant corporation, Allvend Industries, Inc., of which defendant Weiss is president, filed for an arrangement, pursuant to chapter XI of the Bankruptcy Act, and on October 25, 1973 the Referee of the Bankruptcy Court issued an order staying suits wherein it is recited, in pertinent part, that "all said persons are further enjoined, stayed and restrained from * * * suing out of any court of any writ, process, *summons* * * * or any other proceeding * * * and each and all of said persons * * * are hereby jointly and severally restrained, stayed and enjoined from taking any steps * * * doing any act or thing in any *action* wherein the said debtor may be either plaintiff, *defendant* * * * and from causing * * * the same to be done until *final decree herein*" (emphases supplied). Federal courts are authorized to enjoin or stay actions or proceedings in State courts where the stay is necessary in aid of Federal jurisdiction or to protect or effectuate judgments (US Code, tit 28, § 2283). Specifically, a bankruptcy court has the power to issue an injunction when necessary to prevent defeat or impairment of its jurisdiction (US Code, tit 11, § 11, subd [a], par [15]). Such a right also exists as an inherent power of the court *(Continental Bank v Roch Is. Ry.,* 294 US 648; *Matter of Baldwin,* 291 US 610). Whether to exercise injunctive power with respect to suits in other courts, including State courts, calls for the exercise of sound discretion after weighing the consequences. In fact, the bankruptcy court has summary jurisdiction to inquire into State actions for the purpose of determining whether they are in whole or in part superseded by adjudication of bankruptcy, and into other facts and circumstances which might have bearing upon whether it is for the best interest of creditors and lien holders that such actions be stayed or continued with the trustee becoming a party thereto *(Atlanta Flooring & Insulator Co. v Russell,* 146 F2d 884, cert den 325 US 862). A bankruptcy court, having jurisdiction to determine conflicting claims to property in its custody, clearly has power to enjoin the prosecution of actions interfering with the exercise of that jurisdiction *(Orinoco Iron Co. v Metzel,* 230 F 40; *Bothwell v Fitzgerald,* 219 F 408; 9 Am Jur 2d, Bankruptcy, § 292). Although an action in personam against the bankrupt is ordinarily of no interest to the estate in bankruptcy, the court of bankruptcy may restrain such a suit where the subject matter of the suit is such that a judgment for the plaintiff may affect or assume to affect title to property in the estate. Since the restraint is upon the person of the litigant and not upon the court, the right to restrain or stay is not affected by the circumstance that the assets involved in the suit have not come within the custody of the court of bankruptcy *(Steelman v All Continent Corp.,* 301 US 278). An individual is subject to injunction by the bankruptcy court from prosecuting an action in another court on the ground that its prosecution impedes administration in bankruptcy by interfering with the performance of the trustee *(supra,* p 278). Under the circumstances of this case, wherein the plaintiff is seeking to recover the sum of $150,000 from the defendants for an alleged breach of contract, it cannot be said that the bankruptcy court abused its discretion in staying that action while its appointed trustee inquired into the debts, obligations and assets of the

defendant corporation to ascertain if it qualified for arrangement pursuant to the appropriate section of the Bankruptcy Act. Thus, the order of October 25, 1973 staying all suits was binding upon the plaintiff and also on the trial court and should not have been ignored. Order reversed, on the law and the facts, without costs, and complaint dismissed *sua sponte* without prejudice to plaintiff's right to move to vacate the stay in the appropriate Federal forum or, in the alternative, to commence his action after entry of final decree in the Federal District Court for the Southern District. Koreman, P. J., Kane, Mahoney, Main and Herlihy, JJ., concur.