**In re Jerald A. TURBOFF, Debtor.**

**Jerald A. TURBOFF, Plaintiff,**

**v.**

**UNITED SAVINGS ASSOCIATION OF TEXAS, Defendant.**

Bankruptcy No. 87–07037–H3–11.
Adv. No. 88–0871–H3.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Oct. 17, 1988.

Keith D. Spickelmier, Sheinfeld, Maley & Kay, Houston, Tex., for debtor.

Gary C. Miller, Mayor, Day & Caldwell, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER

LETITIA Z. CLARK, Bankruptcy Judge.

Came on for hearing on October 14, 1988 the application of Debtor for a Temporary Restraining Order seeking to enjoin trial of a counterclaim against him in a trustee capacity in a state court suit, Cause No. 87–50975 in the 334th Judicial District Court, Harris County, Houston, Texas. No evidence was presented before this court.

Movant herein, Debtor, during the course of his bankruptcy filed Cause No. 87–50975 in state court in a "trustee" capacity, against United Savings Association of Texas ("United"). No leave of this court was sought; presumably on the theory that none is required pursuant to 11 U.S.C. § 362(a).

In the state court proceeding the defendant, United, filed a counterclaim. Debtor now argues in bankruptcy court that, while he may sue in state court (in a trustee capacity), those aggrieved by his actions in his trustee capacity may not counterclaim in state court without leave of the bankruptcy court, or, at a minimum, may not

seek special issue findings as to Jerald Turboff's individual financial statement.

 Debtor further urges that he needs a Temporary Restraining Order to prevent the state court suit, or the state court counterclaim, from going to trial. This court is averse to enjoining the conduct of a trial in state court. Principles of comity call for deference to a state court proceeding unless there is a strong showing in support of such an extraordinary remedy. See, e.g. *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981); *Matter of American Cent. Airlines, Inc.*, 52 B.R. 567, p. 571 (Bankr.Iowa 1985); *Heli–Jet Corp. v. U.S.* 2 Cl.Ct. 613, p. 615 (1983); *Younger v. Harris*, 401 U.S. 37, p. 43–45, 91 S.Ct. 746, p. 750–51, 27 L.Ed.2d 669 (1971); *Bergleitner v. Weiss*, 52 A.D.2d 670, 381 N.Y.S.2d 1006, p. 1007 (1976).

This court, in the interest of equity, also is averse to a result which leaves the Debtor free to sue United in state court, but leaves United unable to assert a counterclaim.

In addition, even were a suit, or some part of a suit, against Jerald Turboff, Trustee to be considered subject to the 11 U.S.C. § 362(a) stay which covers Jerald Turboff individually, the stay does not apply to United's counterclaim in state court if United's cause of action arose after the filing of the petition in bankruptcy (in this case, after July 27, 1987). *Matter of M. Frenville Co., Inc.*, 744 F.2d 332, 335 (3rd Cir.1984). The burden of proof is on the plaintiff/Debtor herein to show that the cause of action arose pre-petition and thus that the state court suit could be in violation of the 11 U.S.C. § 362(a) stay. See *Olagues v. Russoniello*, 770 F.2d 791 (9th Cir.1985). This burden has not been met.

The application for Temporary Restraining Order injoining the state court trial in Cause No. 87–50975 is therefore denied; the state court trial on Jerald Turboff, Trustee's complaint and United's counterclaim will go forward at the convenience of the state court judge. This court will impose no restrictions on the special issues which the state court may permit to be propounded to the trier of fact. A hearing is set on the application for preliminary and permanent injunction on the 12th of December, 1988, at 10:00 a.m., Courtroom # 10, 515 Rusk Avenue, Houston, Texas, to determine any remaining issues which are not then moot.

It is so ORDERED.