■ TRAVELERS INSURANCE COMPANY, Appellant, v JUDITH DIAMOND, et al., Respondents, et al., Defendants.—In an action by an insurer for judgment declaring its rights and obligations vis-à-vis its insureds, defendants Judith Diamond and Michael Diamond, under a homeowner's liability insurance policy, plaintiff appeals from an amended judgment of the Supreme Court, Nassau County, dated November 12, 1974 and made after a nonjury trial, which, *inter alia,* (1) dismissed the complaint and (2) declared that plaintiff is obligated by its insurance policy (a) to defend said insureds against any claims for injuries arising out of a certain occurrence and, in particular, against the claim of their son (defendant David Whitman Diamond herein) in an action commenced on his behalf against said Judith Diamond and (b) to indemnify said insureds for any recovery the son might obtain against them, subject to the applicable limit of liability contained in the policy. Amended judgment modified, on the law, (1) by striking there-

from the decretal paragraph which dismissed the complaint, and (2) by striking, from the decretal paragraph which declared the obligations of the insurer vis-à-vis the insureds, so much thereof as begins with the words "and to indemnify the defendants" and ends with the words "in said action" and substituting therefor a provision that plaintiff is also obligated to indemnify defendant Judith Diamond, also known as Judy Diamond, in the event that a judgment is recovered against her or payment is made by plaintiff, on the basis of said claim of said David Whitman Diamond. As so modified, amended judgment affirmed, with costs to defendants Judith Diamond and Michael Diamond against appellant. Where, as here, a complaint in an action for a declaratory judgment sets forth a justiciable controversy, it is error to dismiss it merely because the facts alleged therein show that the plaintiff is not entitled to a declaration of rights as the plaintiff claims them to be (see *Lanza v Wagner,* 11 NY2d 317, 334; *Rockland Light & Power Co. v City of New York,* 289 NY 45, 51). The complaint of the infant son in his above-mentioned action alleges that his mother negligently failed to supervise him and negligently allowed him to play with and be near some glass soda bottles, *which she knew or should have known* he would break and thereby cut himself. He was then 3½ years old. The insurance policy binds the insurer to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * caused by an occurrence", "occurrence" being defined therein as "an accident including injurious exposure to conditions which results * * * *in bodily injury* * * * neither expected nor intended from the standpoint of the insured" (emphasis added). It further provides that the insurer "shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury * * * even if any of the allegations of the suit are groundless, false or fraudulent." Clearly, the mother did not expect or intend that her child would be injured by one of the bottles she gave him to play with, and it is not claimed otherwise on his behalf. We hold that there is coverage under the policy and that plaintiff is obligated to defend the defendant insureds and, in particular, Judith Diamond, in the suit by her infant son. Plaintiff will also be obligated to indemnify said insured Judith Diamond in the event that her son recovers a judgment against her by establishing negligence on her part in giving him glass bottles to play with, knowing that they could break and injure him. Rabin, Acting P. J., Martuscello, Latham, Margett and Munder, JJ., concur.