*687 OPINION OF THE COURT

Per Curiam.

The issue in this case is the constitutionality of section 3020-a of the Education Law as amended by chapter 82 of the Laws of 1977. That amendment requires that the chairman of a panel hearing charges against a tenured person be chosen from a list furnished by the American Arbitration Association. Petitioners predicate their constitutional challenge on the contentions that the amendment to the bill which became chapter 82 embraced more than one. subject and was a private bill granting an exclusive franchise.
It has been settled since at least Matter of Lakeland Water Dist. v Onondaga County Water Auth. (24 NY2d 400) that an article 78 proceeding may not be used to test the constitutionality of a legislative enactment, as distinct from the constitutionality of its application (accord Matter of Kovarsky v Housing & Dev. Admin. of City of N. Y., 31 NY2d 184). The matter should have been converted to a declaratory judgment action, therefore, all necessary parties, including the Attorney-General, being before the court. We now convert it.
Equally well settled is it that the factual data on which, a claim of unconstitutionality is based is to be presented as evidence to the trial court not as addenda to the briefs submitted in this court, the more particularly not in a reply brief which respondent then has no opportunity to refute. While judicial notice may be taken of some official documents by appellate courts, it is simply improper to make wholesale presentation of factual data through the medium of addenda to a brief. However, the only improper factual material essential to petitioners’ arguments is that the American Arbitration Association receives some pay for what it does under the statute under attack. Rather than remit for trial, with consequent waste of judicial resources, we deal with the constitutionality issues as though the facts relating to payment were properly before us.
Preliminarily we note that, contrary to the Attorney-General’s argument, the individual petitioners (plaintiffs), though not the board, have standing to sue because, if in fact the statute is unconstitutional, they can be removed for knowingly participating in an arbitration before a panel unconstitutionally selected (Board of Educ. v Allen, 20 NY2d 109, 115, n 1, 118).
*688 Coming then to the merits of the appeal, we note our agreement with the reasoning upon which the Appellate Division concluded that there is no substance to the equal protection and due process challenges, and limit our discussion to the contentions that section 3020-a violates the prohibitions of the New York State Constitution against a private bill embracing more than one subject (art III, § 15) and against a private bill granting "any exclusive privilege, immunity or franchise whatever” (art III, § 17).
Both arguments were deemed inconsequential by the Appellate Division, which did not, however, state its reasons for that conclusion. Simply put, the reason petitioners’ attack cannot succeed is that chapter 82 of the Laws of 1977, which enacted section 3020-a, was not a private bill. As its title indicated it was "An Act to amend the education law, in relation to hearing procedures for certain teachers.” What it did was to revise the procedure for the hearing of charges against a person enjoying the benefits of tenure, a procedure applicable to school districts and teachers throughout the State. It was, therefore, quite clearly a general law, not a private or local law (see Hotel Dorset Co. v Trust for Cultural Resources, 46 NY2d 358).
The section establishes a tripartite hearing panel, one to be chosen by the employee and one to be chosen by the employing board from a list maintained for that purpose ■ by the Commissioner of Education. The third member is then chosen, from a list supplied by the American Arbitration Association, by mutual agreement of the two appointed members or, if they cannot agree, by the Commissioner of Education.
Thus the only part played by the Arbitration Association is to prepare a list of qualified persons from which a panel chairman can be selected by others than the association. That, as petitioners’ "evidence” shows, the association has received reimbursement of $500 for its administrative expenses in preparing the list, or that a person from its list is to be compensated at the rates usually paid him for his services as an arbiter for the association does not make the law the grant of an exclusive franchise to the association or a private bill. The commissioner’s list from which the employee and employer members are drawn is composed of professionals in teaching or members of school boards, who cannot be expected to be experienced at running panel hearings. The Arbitration *689 Association list, on the other hand, will be by reason of its source composed of persons with such experience.
Thus, rather than granting the association an exclusive franchise, the association prepares, as a service to the Department of Education for which it is reimbursed only for its administrative expenses, a list of nominees. Appointment from that list, however, is not by the association, but by the employer and employee panel members, or by the commissioner.
To paraphrase what we said in Lanza v Wagner (11 NY2d 317, 333) we perceive no constitutional bar to the legislative designation of the association as a nominating body, who can reasonably be expected to present to the commissioner, on an objective and nonpartisan basis, the names of individuals exceptionally qualified by prior service in the field of adversarial hearings for service as chairman of a hearing panel under section 3020-a.
 For the foregoing reasons, the judgment of the Appellate Division should be modified to convert so much of the article 78 proceeding as sought a declaration of unconstitutionality to a declaratory judgment action and remitted for the entry of judgment declaring section 3020-a of the Education Law constitutional, and, as so modified, should be affirmed. As to the board the action should be dismissed for lack of standing.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion.
Judgment modified, with costs to respondents, and the matter remitted to Supreme Court, Allegany County, for the entry of judgment in accordance with the opinion herein and, as so modified, affirmed.