■ In the Matter of BRADFORD CENTRAL SCHOOL DISTRICT, Respondent, v GORDON M. AMBACH, as Commissioner of Education of State of New York, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Cobb, J.), entered July 23, 1980 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Education granting permanent certification as a teacher to respondent Gerrie A. Yanch. In September of 1972, respondent Gerrie A. Yanch was hired and given a probationary appointment as a music teacher by petitioner Bradford Central School District, and at the conclusion of her third year of teaching in the district she was granted tenure in the position. Thereafter, she continued to serve the district as a music teacher through the 1978-1979 school year, although evaluations of her work for the 1976-1977 year showed her performance as "weak" with the result that petitioner commenced a proceeding in 1977, pursuant to section 3020-a of the Education Law, to dismiss her for inefficiency, incompetency and conduct unbecoming a teacher. In accordance with a stipulation between the parties, however, the charges against respondent Yanch were dropped pending her performance during a trial period ending during the 1978-1979 school year, but evaluations of respondent Yanch remained unsatisfactory through September of 1979. With these circumstances prevailing in July of 1979, the district discovered that respondent Yanch possessed neither provisional nor permanent State certification as a music teacher, and she immediately applied for permanent certification. Subsequently, the Education Department issued the requested certification even though the district's superintendent refused to give a recommendation to respondent Yanch, a necessary condition under the respondent commissioner's own regulations for the issuance of certification to one in Yanch's position. When the commissioner later refused to annul the certification, the district thereupon instituted the present article 78 proceeding to challenge the Education Department's action granting certification to respondent Yanch. Special Term granted the district's application and annulled the grant of permanent certification. In so ruling, it found that the district had standing to challenge the commissioner's determination because of its nondelegable statutory duty to employ qualified teachers and because the commissioner had exceeded his authority when he certified respondent Yanch in contravention of his own regulation requiring the approval of the district's superintendent (8 NYCRR 80.17 [c]). This appeal followed. We hold that the judgment of Special Term should be reversed. Only parties who are aggrieved thereby have standing to challenge State action (Matter of Dairylea Coop. v Walkley, 38 NY2d 6; Matter of McConnell v Coveney, 54 AD2d 769), and in this instance petitioner is not aggrieved in any way by the grant of certification to respondent Yanch. Certainly neither the district nor its individual members (see Board of Educ. v Gootnick, 49 NY2d 683) can be held liable for hiring an unqualified teacher when the teacher in question has been certified by the State. Moreover, it is most significant that the matter of certification relates to respondent Yanch's right to be licensed generally to teach in the public school system of the State and does not directly concern the district in its employer-employee relationship with her. In so ruling, it should be noted that petitioner has an appropriate remedy if it desires to discharge respondent Yanch because her teaching services are unsatisfactory. Pursuant to subdivision 2 of section

3012 of the Education Law respondent Yanch can be dismissed for, *inter alia,* incompetency or inefficiency. Lastly, we note that, in any event, respondent commissioner's refusal to annul the grant of permanent certification to respondent Yanch has a rational basis in that respondent Yanch's seven years of full-time paid teaching experience with the school district clearly "carries the recommendation of the employing school district administrator" as required by 8 NYCRR 80.17 (c). We need reach no other issue. Judgment reversed, on the law, and petition dismissed, with one bill of costs to respondents. Main, J. P., Casey, Yesawich, Jr., Weiss and Herlihy, JJ., concur.