■ ANTONIO MARENO, JR., Appellant-Respondent, v UNIVERSITY OF THE STATE OF NEW YORK AGRICULTURAL AND TECHNICAL COLLEGE AT FARMINGDALE et al., Respondents-Appellants. — In an action (1) to compel defendants to release plaintiff's car and give him possession thereof, (2) to permanently enjoin defendants from impounding students' vehicles found in violation of the defendant college's parking regulations until payments of nontowing charges are made and (3) for compensatory damages, plaintiff appeals from an order of the Supreme Court, Westchester County (Wood, J.), entered September 23, 1982, which granted defendants' motion to dismiss the complaint and defendants cross-appeal from (1) a holding of said court in its decision supporting the order entered September 23, 1982, which noted that the branch of defendants' motion which sought to dismiss the action against defendant Queen due to lack of in personam jurisdiction had previously been denied by Justice Leggett by order entered September 3, 1982, and (2) the order of the same court (Leggett, J.), entered September 3, 1982, which, *inter alia,* granted plaintiff's motion for a preliminary injunction. ¶ Cross appeal from the holding of the court in its decision supporting the order entered September 23, 1982 dismissed, without

costs or disbursements. ¶ Order entered September 23, 1982 affirmed, without costs or disbursements. ¶ Cross appeal from the order entered September 3, 1982 dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order entered September 23, 1982. ¶ Since defendants' motion to dismiss the complaint was granted by the order entered September 23, 1982, defendants were not aggrieved thereby and the purported cross appeal involving said order cannot lie. This is so even though defendants disagree with particular findings made in the decision supporting the order in its favor (see *Parochial Bus Systems v Board of Educ.,* 60 NY2d 539, 544-545; *People's Nat. Bank v Weiner,* 100 AD2d 841). ¶ In his appeal from the order entered September 23, 1982, plaintiff argues that defendants waived their right to move to dismiss the complaint on various grounds pursuant to CPLR 3211 (subd [a]), i.e., lack of subject matter jurisdiction, lack of standing, and failure to state a cause of action, by failing to advance these grounds in opposition to his motion for a preliminary injunction. This argument is without merit (see CPLR 3211, subd [a], pars 2, 3, 7; subd [e]). Moreover, with respect to the merits of defendants' motion to dismiss, Special Term correctly dismissed the complaint in view of (1) its lack of subject matter jurisdiction to entertain plaintiff's claim for damages (Court of Claims Act, § 9, subd 2; *Schaffer v Evans,* 57 NY2d 992; *Bank of N. Y. v Tully,* 84 AD2d 704), (2) the mootness of plaintiff's application for an order directing the release of his car, the car having been released to plaintiff's possession on May 20, 1982, and (3) plaintiff's lack of standing to seek the injunctive relief requested due to (a) the defendant college's proper revocation, on April 2, 1982, of plaintiff's campus parking privileges due to the accumulation of 10 unpaid parking tickets (8 NYCRR 569.7 [f]), and (b) his suspension from the college for academic reasons, pursuant to letter dated June 30, 1982 (*Electrolux Corp. v Val-Worth, Inc.,* 6 NY2d 556; *Rosenberg v Lee's Carpet & Furniture Warehouse Outlet,* 80 Misc 2d 479; cf. *Drysdale v University of State of N. Y.,* 60 Misc 2d 180). Mangano, J. P., O'Connor, Boyers and Eiber, JJ., concur.