FRED CHERRY et al., Appellants-Respondents, v EDWARD I. KOCH, as Mayor of the City of New York, et al., Respondents, ELIZABETH HOLTZMAN, as District Attorney for Kings County, Respondent-Appellant.

Second Department, April 6, 1987

### APPEARANCES OF COUNSEL

*Ronald L. Kuby* and *William M. Kunstler* for appellants-respondents. (One brief filed.)

*Elizabeth Holtzman, District Attorney (Barbara D. Underwood, Peter A. Weinstein* and *Rosalyn H. Richter* of counsel), respondent-appellant *pro se.*

### OPINION OF THE COURT

Per Curiam.

■ In this case, the plaintiffs seek a judgment declaring

Penal Law §§ 230.00 and 230.03 unconstitutional as applied to them insofar as those sections declare illegal private commercial sex between consenting adults. These statutes prohibit prostitution and the patronizing of prostitutes, respectively. The plaintiff Margo St. James claims to be a prostitute, and the plaintiff Fred Cherry claims to be a patron of prostitutes. We hold that the plaintiffs have not presented a justiciable issue, and, therefore, we do not reach the issue of the statutes' constitutionality.

■ Preliminarily, the cross appeal by the defendant Elizabeth Holtzman is dismissed because she is not aggrieved by Special Term's order which granted her complete relief by dismissing the plaintiffs' complaint (see, CPLR 5511; *Parochial Bus Sys. v Board of Educ.*, 60 NY2d 539, 544-545; *Mareno v University of State of N. Y. Agric. & Tech. Coll.*, 101 AD2d 828, 829). Nevertheless, the defendant Holtzman may raise the question of the plaintiffs' standing to sue in support of her argument in favor of affirmance of the order and judgment appealed from (see, CPLR 5501 [a] [1]; *Parochial Bus Sys. v Board of Educ., supra,* at 545; *Blum v Stone,* 127 AD2d 549).

The Supreme Court, Kings County (Hirsch, J.), first addressed the sufficiency of the complaint in an order dated October 22, 1984, from which no appeal was taken. In that order, Special Term denied the defendant's motions to dismiss the complaint on the ground that the plaintiffs lacked standing to bring this suit but dismissed the complaint for failure to state a cause of action. The court ruled that the complaint was insufficient because it failed to describe with adequate specificity *"where* and *under what circumstances"* the plaintiffs had engaged and intended to continue engaging in their alleged acts of prostitution and of patronizing prostitutes.

■ The plaintiffs subsequently served an amended verified complaint upon the defendants. The amended verified complaint alleged that the plaintiff Margo St. James is a resident of the States of New York and California, is a "prostitute by choice" and desires to practice this occupation while she resides in New York. It further alleged that she had previously engaged in acts of prostitution in Kings County at her residence or at the residences of her clients. She contacted her clients at private parties, private clubs or over the telephone. Finally, it is stated that she "intends to continue to engage in prostitution, as above described, in Kings County". Nowhere in the amended verified complaint is it alleged that St. James

has been arrested or prosecuted, or threatened with prosecution, in connection with her prostitution activities. Nor does she allege any facts from which it could be rationally inferred that she has a reasonable fear of being threatened with arrest or prosecution in the future in connection with her prostitution activities. Further, she does not assert that the criminalization of prostitution by Penal Law § 230.00 has inhibited or deterred her from engaging in acts of prostitution in Kings County.

The amended verified complaint alleges that the plaintiff Fred Cherry is an adult resident of Kings County, New York, who suffers from a medical condition known as "malabsorption syndrome" or "celiac disease" which results in his being extremely fatigued and emaciated. As a consequence of this medical condition, it is claimed, Cherry has been unable to have normal social contacts which could lead to his meeting nonprostitute women and developing sexual relationships with them. As a result, it is averred, he has had to rely on women prostitutes for sexual gratification.

In an affidavit annexed to the amended verified complaint, Cherry describes several specific instances in the past when he has patronized prostitutes in Kings County and in New York County. In all cases, his solicitation of these prostitutes took place in private residences or privately owned clubs or by telephonic communications, and his sexual activity with them has always taken place in private residences.

Similar to St. James, Cherry does not claim that he has ever been arrested or prosecuted in connection with the above-described activities. Nor does he assert any facts from which it could be inferred that he has a reasonable fear that he will be threatened with prosecution in the future. Finally, he does not claim that the criminalization of patronizing prostitutes by Penal Law § 230.03 has inhibited or deterred him from engaging in those activities. In this regard, the last specific time it is alleged he engaged in these activities was in 1980.

The legal claim asserted in the amended verified complaint is that Penal Law §§ 230.00 and 230.03 violate the plaintiffs' rights to privacy, due process and equal protection guaranteed under the Federal and State Constitutions, and they requested a judicial declaration to this effect. The Supreme Court, Kings County (Adler, J.), *inter alia*, granted the defendants' motions to dismiss the complaint for failure to state a cause of action (129 Misc 2d 346). Special Term stated that, under the doc-

trine of the "Law of the Case", it was precluded from reconsidering Justice Hirsch's prior determination that the plaintiffs had standing to bring this suit or that there was a justiciable controversy *(supra,* at 350).

■ In its decision, Special Term set forth a test to determine whether a cause of action for a declaratory judgment challenging the constitutionality of a criminal statute has been stated. An examination of that test reveals that it was, in effect, one designed to ascertain whether a complaint seeking a declaration that a criminal statute is unconstitutional sets forth a justiciable controversy. Special Term concluded that the plaintiffs' complaint failed to satisfy this test and, thus, did not state a cause of action for a declaratory judgment. Thus, while Special Term stated it was not going to reexamine the question of justiciability, in reality, it did so. Further, even if it had actually declined to reexamine the question of justiciability on the ground that it was barred from doing so by Justice Hirsch's prior decision under the doctrine of the law of the case, we are not so barred *(see, Gray v Sandoz Pharms.,* 123 AD2d 829; *Zappolo v Putnam Hosp. Center,* 117 AD2d 597), and, in fact, are compelled to address this threshold issue. Special Term also extensively commented on the merits of the plaintiffs' claims as to the unconstitutionality of the statutes under attack and concluded that they passed constitutional muster.

■ We agree that the plaintiffs failed to state a cause of action for declaratory relief. It is fundamental that in order to establish a cause of action for a declaratory judgment, a plaintiff must present a justiciable controversy (CPLR 3001; *see also, Matter of New York State Inspection, Sec. & Law Enforcement Employees v Cuomo,* 64 NY2d 233, 238-239; *Travelers Ins. Co. v Diamond,* 50 AD2d 845, 846, *appeal dismissed* 39 NY2d 802, *lv denied* 40 NY2d 803; *Goldfeld v Mattoon Communications Corp.,* 99 AD2d 711, 712). In this case, the plaintiffs' complaint does not set forth any real and substantial controversy between themselves and the defendants. In an action seeking a declaration that a criminal statute is unconstitutional, in order to establish the existence of an actual controversy, the plaintiffs must show that either they have in fact been arrested, prosecuted or threatened with prosecution under this statute or that they, at least, have some reasonable fear, which is not purely " 'imaginary' " or " 'speculative' ", that they will be prosecuted under this statute in the future *(see, Babbitt v Farm Workers,* 442 US 289, 298, quoting from

*Younger v Harris,* 401 US 37, 42; *J. N. S., Inc. v State of Ind.,* 712 F2d 303, 305; *see also, McCollester v City of Keene,* 668 F2d 617, 620). In this case, the plaintiffs do not allege that they have ever been arrested, prosecuted or threatened with prosecution under either Penal Law §§ 230.00 or 230.03, and any fear which they might have of future prosecution appears to be totally speculative. At the very best, the plaintiffs have alleged a hypothetical future controversy which is not yet ripe for adjudication *(see, Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 523, *cert denied* — US —, 107 S Ct 574; *Matter of New York State Inspection, Sec. & Law Enforcement Employees v Cuomo, supra,* at 240).

As stated recently by the Court of Appeals in *Matter of David C.,* 69 NY2d 796, 798), "The fundamental principle that a court's power to declare the law is limited to determining actual controversies in pending cases is subject to an exception that permits the courts to preserve particular issues which are recurring, substantial and novel, and typically evade review". In this regard, we note that a challenge to a criminal prosecution statute does not present a situation which "typically evades review". Any defendant charged with prostitution or the patronizing of prostitutes may raise as a defense the alleged unconstitutionality of the statute.

■ With regard to the defendants' contention that the plaintiffs lack standing to bring this action, even if Justice Adler correctly determined that he was bound under the doctrine of the law of the case by the previous decision of Justice Hirsch from reconsidering this question, as previously stated we are not so bound since this doctrine applies only between courts of coordinate jurisdiction *(see, Gray v Sandoz Pharms., supra; Zappolo v Putnam Hosp. Center, supra).*

■ Although in this decision we are treating the question of standing separately, the requirement of standing to sue is included in the doctrine of justiciability. We treat the subject of standing separately because standing was the subject of a separate order. In order to establish standing to challenge the constitutionality of a statute, a plaintiff must demonstrate that he has suffered some actual or threatened injury to a protected interest by reason of the operation of the unconstitutional feature of the statute *(Matter of Daniel C.,* 99 AD2d 35, 42, *affd* 63 NY2d 927). In this case, the plaintiffs have failed to demonstrate any actual or threatened injury caused to them by virtue of the enforcement of Penal Law §§ 230.00 and 230.03. The only "injury" which they appear to set forth

is that they find these statutes personally offensive and are upset that these laws criminalize activities in which they allegedly engage. This is insufficient to confer standing upon them to challenge the constitutionality of these laws *(see, J. N. S., Inc. v State of Ind., supra,* at 306; *see also, Laird v Tatum,* 408 US 1, 13-14, *reh denied* 409 US 901; *Younger v Harris, supra,* at 42; *Poe v Ullman,* 367 US 497, 503-504, *reh denied* 368 US 869).

In this regard, the plaintiffs' reliance upon *Quaker Oats Co. v City of New York* (295 NY 527) is misplaced. In *Quaker Oats* the plaintiffs were manufacturers who were specifically warned by the New York City Department of Health, which had the duty of enforcement, that they must comply with a New York City Department of Health regulation and were advised that they would be prosecuted if they did not comply. The court found that "the city's insistence upon compliance with the command of the ordinance, justifies a declaration of rights" *(Quaker Oats Co. v City of New York, supra,* at 538), at least as to one of the plaintiffs. The fact that no actual prosecution had commenced was held to be irrelevant since, unlike this case, there was a credible imminent danger of future prosecution. Here, the likelihood of prosecution appears remote since neither of the plaintiffs have actually been threatened with prosecution, the plaintiff St. James is apparently not now practicing prostitution in Brooklyn and the last specific time it is alleged that the plaintiff Cherry engaged in these activities was 1980.

■ ■ We therefore conclude that this case is not justiciable, and, accordingly, the plaintiffs failed to state a cause of action for declaratory relief. Having so determined, we decline to address the merits of the plaintiffs' constitutional claims, and we note that the Supreme Court, Kings County, once having determined that plaintiffs "have not presented the necessary requirements for a declaratory judgment action" *(Cherry v Koch,* 129 Misc 2d 346, 352, *supra),* should have similarly declined to have reached the merits *(see, Ulster County Ct. v Allen,* 442 US 140, 163; *Matter of Beach v Shanley,* 62 NY2d 241, 254; *People v Felix,* 58 NY2d 156, 161, *appeal dismissed* 464 US 802). Accordingly, the order and judgment appealed from should be modified to delete the provision which addressed the merits of the constitutional challenge, and as so modified, the order and judgment should be affirmed.

BRACKEN, J. P., WEINSTEIN, SPATT and HARWOOD, JJ., concur.

Ordered that the defendant Holtzman's cross appeal is dismissed; and it is further,

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof which addressed the merits of the constitutional challenge, and as so modified, the order and judgment is affirmed; and it is further,

Ordered that the defendant Holtzman is awarded one bill of costs.