JOHN E. FORWARD et al., Individually and on Behalf of All Others Similarly Situated, Appellants-Respondents, v WEBSTER CENTRAL SCHOOL DISTRICT, Respondent-Appellant, and TOWN OF WEBSTER, Respondent.

Fourth Department, April 8, 1988

### APPEARANCES OF COUNSEL

*Lacy, Katzen, Ryen & Mittleman (Richard Glen Curtis* and *Christina P. Moraski* of counsel), for appellants-respondents.

*Greisberger, Zicari, McConville, Cooman, Morin & Welch, P. C. (Richard A. Dollinger* and *Dennis T. Barrett* of counsel), for respondent-appellant.

*Levy, Feldman & Licata, P. C. (Robert A. Feldman* of counsel), for respondent.

### OPINION OF THE COURT

LAWTON, J.

Plaintiffs, owners of single-family dwellings in the Town of Penfield, commenced this action against the Webster Central School District and the Town of Webster seeking a declaratory judgment invalidating the school district's tax levy on their properties for the 1985-1986 school year. They contend that Local Laws, 1985, No. 1 of the Town of Webster, which adopted the homestead provisions of article 19-A of the Real Property Tax Law, and its use in determining the school tax levy, resulted in invidious discrimination between owners of similar properties in different assessing units within the school district. This result, they contend, violates the Equal Protection Clauses of the US and NY Constitutions because it compels them to pay a higher proportion of school property taxes than owners of similarly situated properties in the Town of Webster who benefit from the town's adoption of the homestead provisions of Real Property Tax Law article 19-A.

The basis for plaintiffs' contentions are the Court of Appeals decisions in *Foss v City of Rochester* (65 NY2d 247) and *Foss v City of Rochester* (66 NY2d 872). Plaintiffs in the *Foss* cases were owners of nonhomestead property in the City of Rochester who, because of the city's use of dual tax rates authorized by the homestead provision, paid a higher proportion of the

county tax levy than owners of similarly situated nonhomestead property located in other parts of Monroe County. Those cases held that Real Property Tax Law article 19 and article 19-A, in conjunction with Local Laws, 1983, No. 6 of the City of Rochester, violated the State and Federal Equal Protection Clauses because, as applied to county taxes, they arbitrarily and invidiously discriminated, without a rational geographic basis, between nonhomestead properties in Rochester and similarly situated properties in other parts of Monroe County. Plaintiffs contend that the *Foss* decisions are controlling and require that the 1985-1986 school tax levy be declared unconstitutional. They also contend that they are entitled to a refund of the excess tax paid because of the school district's knowing and "patent circumvention of constitutional limitations on their taxing powers" *(Bethlehem Steel Corp. v Board of Educ.,* 44 NY2d 831, 835, *appeal dismissed sub nom. City of Rochester v Waldert,* 439 US 922).

Defendants contend that plaintiffs fail to state a claim because they have suffered no harm since their taxes were unaffected by the Town of Webster's enactment of Local Laws, 1985, No. 1. They also contend that plaintiffs have no standing to prosecute their claim since plaintiffs paid only their fair share of the tax levy. Finally, defendants contend that, even if the 1985-1986 school tax levy is declared unconstitutional, this declaration should not be retroactive and no refund should be granted because of the undue burden this would impose on the school district,

Special Term, relying on the *Foss* decisions, declared the 1985-1986 school tax levy unconstitutional because similarly situated taxpayers in different towns in the school district were subject to unequal tax burdens solely by reason of geographic location (133 Misc 2d 480). The court further declared that no refund was due plaintiffs because a refund would impose an undue burden on the school district.

Special Term erred in denying defendants' motions seeking dismissal of plaintiffs' complaint. Plaintiffs concede that the enactment of Local Laws, 1985, No. 1 of the Town of Webster and its use by the school district in determining the school tax levy in that town did not cause plaintiffs to pay any additional school tax. Indeed, plaintiffs admit that the establishment in the Town of Webster of either dual rates, pursuant to the now repealed Real Property Tax Law article 19-A, or uniform rates would make no difference in the school tax levy in the Town of Penfield or in the amount of school taxes billed to plaintiffs.

Since plaintiffs have suffered no injury as a result of the application of Real Property Tax Law article 19-A and Local Law No. 1 to the 1985-1986 school tax levy, they lack standing to challenge the constitutionality of these enactments and their complaint must be dismissed (see, *Hidley v Rockefeller,* 28 NY2d 439; *Cherry v Koch,* 126 AD2d 346, *lv denied* 70 NY2d 603; *Matter of Daniel C.,* 99 AD2d 35, 42-44, *affd* 63 NY2d 927). It is axiomatic that those who challenge the constitutionality of a statute must demonstrate actual or threatened injury to their protected rights (see, *Matter of Daniel C., supra,* at 42-43; *Ulster County Ct. v Allen,* 442 US 140, 154-155; *Duke Power Co. v Carolina Envtl. Study Group,* 438 US 59, 72). The challenged statute as applied to plaintiffs does not breach the maxim that "[n]o taxpayer may be saddled with a discriminatory assessment which imposes on him more than his fair share of the total tax burden". *(Matter of Rokowsky v Finance Adm'r of City of N. Y.,* 41 NY2d 574, 576.)

Plaintiffs' reliance on *Foss v City of Rochester* (65 NY2d 247, *supra)* is misplaced because in *Foss* the challenged enactments were held to be unconstitutional only as applied to the owners of nonhomestead property in the City of Rochester whose county taxes were in fact increased by the application of the enactments.

Such discrimination to others may not serve as a basis for plaintiffs' challenge to the constitutionality of these enactments. Such claim is insufficient because "[o]rdinarily, one may not claim standing * * * to vindicate the constitutional rights of some third party." *(Barrows v Jackson,* 346 US 249, 255; *see also, Warth v Seldin,* 422 US 490, 499; *Matter of Daniel C., supra.)* This traditional rule was reaffirmed in *New York v Ferber* (458 US 747, 767), wherein the court stated that "a person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court."

The 1985-1986 school tax levy as applied to plaintiffs is constitutional because they admit that they paid only their fair share of the tax burden and that this amount is unaffected by Real Property Tax Law article 19-A and Local Laws, 1985, No. 1 of the Town of Webster. Since these enactments are constitutional as applied to plaintiffs, plaintiffs lack standing to assert that the statutes are unconstitutional as applied to others.

Even if we were to determine that the 1985-1986 school tax levy was unconstitutional as applied to plaintiffs, plaintiffs would not be entitled to a refund because the school district relied on the tax revenues and would suffer an undue burden if a refund were directed *(see, Foss v City of Rochester,* 65 NY2d 247, 260, *supra; Hurd v City of Buffalo,* 41 AD2d 402, *affd* 34 NY2d 628).

Accordingly, the order and judgment appealed from should be reversed and the complaint should be dismissed.

DOERR, J. P., DENMAN, BOOMER and GREEN, JJ., concur.

Order and judgment unanimously reversed, on the law, with costs to defendants, and complaint dismissed.