■ PAULINE SCHULTZ et al., Appellants, v CITY OF PORT JERVIS et al., Respondents. [662 NYS2d 591] —In an action, *inter alia*, for a judgment declaring Local Law, 1995, No. 8 of the City of Port Jervis, which amended section 158-72 (K) of the Code of the City of Port Jervis, to be unconstitutionally vague,

the plaintiffs appeal from an order of the Supreme Court, Orange County (Bellantoni, J.), dated July 1, 1996, which denied their motion for summary judgment declaring the law to be unconstitutionally vague and declared the law to be valid and constitutional.

Ordered that the order is modified, on the law and as a matter of discretion in the interest of justice, by deleting the provision thereof which declared Local Law, 1995, No. 8 of the City of Port Jervis to be valid and constitutional, and substituting therefor a provision dismissing the complaint; as so modified the order is affirmed, without costs or disbursements.

Pursuant to CPLR 3001, a court possesses the discretion to decline to render a declaratory judgment upon a proper statement of its reasons. Notwithstanding that a declaratory judgment action is the appropriate procedural vehicle to challenge the constitutionality of a statute or ordinance (*see, e.g., Board of Educ. v Gootnick,* 49 NY2d 683), in this case it is premature to attempt to determine the constitutionality of the challenged ordinance insofar as the plaintiffs may obtain adequate relief in the event that an actual controversy related to the enforcement of the ordinance may one day arise (*see, James v Alderton Dock Yards,* 256 NY 298; *Cherry v Koch,* 126 AD2d 346).

The plaintiffs contend, in the abstract, that the inclusion of the word "repair" in the ordinance renders it unconstitutionally vague. However, we find that no justiciable controversy is presented at this juncture. While the enactment is far from a model of clarity and the building inspector is imbued with broad discretion thereunder to determine whether a building permit will be required on a case by case basis, there is no indication in the record supporting the plaintiffs' apparent contention that the building inspector will necessarily exercise his discretion in an arbitrary and capricious manner. At this juncture it appears that any fears the plaintiffs have of running afoul of the ordinance in question are wholly speculative and thus their complaint alleges only a "hypothetical future controversy which is not yet ripe for adjudication" (*Cherry v Koch, supra,* at 351). Inasmuch as it is yet to be seen whether and how this ordinance will be enforced (*see, New York Pub. Interest Research Group v Carey,* 42 NY2d 527; *Employers' Fire Ins. Co. v Klemons,* 229 AD2d 513), and any decision regarding the constitutionality of the ordinance rendered now might prove to have no effect on the substantial rights of the parties, we find that the more provident course is to refrain from making any broad determination of constitutionality at this juncture and instead dismiss the complaint (*see, B'Nai Jacob v*

*Park Slope Jewish Ctr.,* 199 AD2d 296, 297). We do so, however, without passing on the merits of the plaintiffs' constitutional claims (*see, Cherry v Koch, supra,* at 352), and thus without prejudice to the rights of the plaintiffs to seek administrative and/or judicial review of any future controversies relating to the enforcement of the ordinance that may arise. Miller, J. P., Santucci, Goldstein and Florio, JJ., concur.