■ In the Matter of DEVERNON LE GRAND, Appellant, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [714 NYS2d 700] —Mercure, J. P. Appeal from a judgment of the Supreme Court (La-Buda, J.), entered October 8, 1998 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as not ripe for judicial review.

Petitioner is a prison inmate. A misbehavior report dated June 5, 1998 charged petitioner with violating rule 121.11 of the Standards of Inmate Behavior (7 NYCRR 270.2 [B] [22] [ii])* (hereinafter the Rule) by making third-party telephone calls. At the ensuing tier II disciplinary proceeding, petitioner entered a plea of guilty but sought to have the charge dismissed upon the ground that the Rule was unconstitutional. On administrative appeal, petitioner contended that the Rule violated his rights under the 1st, 5th, 6th and 14th Amendments of the US Constitution because it restricts his telephone contact with his counsel, whom petitioner can reach only through the law firm's internal switchboard. In his written decision on the appeal, the Superintendent's designee stated that "calling a switchboard is not considered a third party activity * * * [and petitioner is not] being hindered in any way from accessing [his] attorney". Petitioner then raised the same constitutional challenge in this CPLR article 78 proceeding. Supreme Court dismissed the petition as not ripe for judicial review and petitioner appeals.

We affirm. In view of the fact that the charge against petitioner did not arise out of any telephone calls to his counsel, we conclude that his claims are wholly speculative and that the petition alleged only a "hypothetical future controversy which is not yet ripe for adjudication" (Cherry v Koch, 126 AD2d 346, 351, lv denied 70 NY2d 603; see, Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 520, cert denied 479 US 985; Schultz v City of Port Jervis, 242 AD2d 699).

Crew III, Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* 7 NYCRR 270.2 (B) (22) (ii) provides in pertinent part: "Inmate telephone calls and telephone conversations shall be restricted to the telephone number dialed or otherwise placed by or for the inmate. Telephone call-forwarding or other third-party phone calls * * * are prohibited."