Chino v New York Dept. of Fin. Servs. (2019 NY Slip Op 03008)





Chino v New York Dept. of Fin. Servs.


2019 NY Slip Op 03008


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Renwick, J.P., Gische, Webber, Singh, JJ.


9076 101880/15

[*1]Theo Chino, et al., Plaintiffs-Petitioners-Appellants,
v
The New York Department of Financial Services, et al., Defendants-Respondents-Respondents.


The Ciric Law Firm, PLLC, New York (Pierre Ciric of counsel), for appellants.
Letitia James, Attorney General, New York (Eric R. Haren of counsel), for respondents.



Judgment, Supreme Court, New York County (Carmen Victoria St. George, J.), entered on or about December 21, 2017, granting respondents' motion to dismiss the proceeding, and denying petitioners' motion seeking discovery, unanimously affirmed, without costs.
This action arises from petitioners' application for a license pursuant to 23 NYCRR § 200.3(c)(2), pertaining to virtual currency. DFS neither approved nor rejected the application because the information petitioners provided was so sparse that no determination could be made, including whether the business activity plaintiffs were seeking to engage in required licensing under the challenged regulation. Petitioners never sought to provide the missing information; nor did they ever pay the required licensing fee. Petitioners neither exhausted their administrative remedies, nor demonstrated applicability of one of the exceptions to the doctrine of exhaustion (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; Sohn v Calderon, 78 NY2d 755, 767 [1991]; Martinez 2001 v New York City Campaign Fin. Bd., 36 AD3d 544, 548-549 [1st Dept 2007]). As for their direct constitutional claims, the motion court correctly determined that petitioners lack standing, as they failed to show some actual or threatened injury to a protected interest by reason of the operation of an unconstitutional feature of the regulation at issue (Cherry v Koch, 126 AD2d 346, 351 [2d Dept 1987], lv denied 70 NY2d 603 [1987]). Indeed, any injury suffered by petitioners was self-created, by abandonment of the licensing process after submission of an incomplete application. Their motion seeking discovery was properly denied as moot.
We have considered petitioners' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK