WILLIAM H. MCGOWAN, as Receiver of PENN NATIONAL BANK AND TRUST COMPANY OF READING et al., Respondents, *v.* THOMAS C. EASTMAN et al., Individually and as Copartners under the Firm Name of EASTMAN, DILLON & Co., Appellants.

(Argued April 15, 1936; decided May 19, 1936.)

*Francis S. Bensel* and *W. Frederick Knecht* for appellants.

*Vincent A. O'Connor* for respondents.

O'BRIEN, J.   Defendants are members of a copartnership of stockbrokers which maintained its principal place of business in New York and a branch office at Reading, Pa.   Ralph Prendergast had been its manager at Reading but, when this action was begun, he was no longer an employee.   According to the complaint, George T. Cobb was cashier of the Penn National Bank and Trust Company of Reading and opened an account with defendants' branch office in the name of the bank.   Defendants conducted speculative transactions for Cobb without obtaining consent of the bank.   Cobb utilized this account for his own purposes and paid to defendants out of it the sum of $204,000 of the bank's money which he had converted to his own use.   Such are the allegations.   This action, instituted by the receiver of the bank and two surety companies which had reimbursed the bank for its losses, is to recover this amount.

Plaintiffs moved for an order directing defendants to attend upon examination before trial to have their testimony taken *as adverse parties through Ralph Prendergast* and one of the defendants.   The motion was granted and the order directed that the examination be conducted through the taking of the testimony of Ralph Prendergast January 16, 1936, at Reading, Pa., and through the defendant Philip M. Brown January 14, 1936, at New York city.   It further directed that defendants produce certain of their records on every occasion of examination of either Brown or Prendergast.   The order was affirmed and the Appellate Division certified two questions to this court: " 1. Did the court have the power, under article

29 of the Civil Practice Act, to direct the examination before trial of defendants, as adverse parties, through one Ralph Prendergast, their former employee? 2. Did the court have the power to compel defendants to produce their books and papers for the purpose of refreshing the recollection of Mr. Prendergast on his examination, pursuant to the order?

Plaintiffs' purpose is the examination of an adverse party and their motion to examine defendants through one of the members of the defendant copartnership, Brown, was properly granted. Prendergast, however, is not a party nor is he an agent of a party. He is without the State and as a possible witness to be sworn on the trial or whose deposition may be read on the trial (Civ. Pr. Act, § 304) his testimony as that of " any other person " than a party may, of course, be taken. (Civ. Pr. Act, § 288.) But examination of a former employee of a party is not examination of that party through the former employee. It is nothing more than the examination of a witness. This is the rule which has long been applied by the intermediate appellate courts in this State and which we approve. (*Chartered Bank of India* v. *North River Ins. Co.*, 136 App. Div. 646; *Searle* v. *Halstead & Co.*, 139 App. Div. 134; *Western Elevating Assn., Inc.*, v. *Chapman*, 238 App. Div. 14.) In the disposition of this motion, power rather than discretion was involved and we hold that the court was without power.

The examination of the witness Prendergast was directed to be held January 16, 1936, at Reading, Pa., and the court ordered that defendants produce their books and records on that examination. The examination of defendants through Brown was directed to be held January 14, 1936, at New York. The examination of Prendergast is not the examination of a party. The books and papers are not in the custody of the " person " to be examined (Civ. Pr. Act, § 296) in Pennsylvania but are in the custody of the " party " to be examined in New York. In

so far as the order directs their production on the examination of defendants, through Brown, the court's disposition of plaintiffs' motion is correct but that part which directs their production in Pennsylvania on the examination of a person who is not a party and who is not the custodian is erroneous for want of power.

In so far as appealed from the order should be reversed, with costs, and both questions certified answered in the negative.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.