PRISCILLA ROGONIA, Plaintiff, *v.* ERNEST B. FERGUSON et al., Defendants.

Supreme Court, Westchester County, November 23, 1966.

*Anthony J. Ferraro* for plaintiff. *Donald A. Mead* for defendants.

JOHN H. GALLOWAY, JR., J. This is a motion by the plaintiff pursuant to CPLR 3126 for an order against the defendant Ferguson 1) striking the answer of the defendant for failure to

appear for examination before trial, pursuant to notice and subsequent order; 2) severing the action against the defendant; 3) directing the entry of judgment in favor of plaintiff against the defendant Ferguson; and 4) setting the matter down upon inquest for an assessment of damages. In this action plaintiff, a passenger, sues for injuries sustained when a vehicle owned by defendant Antoinello and operated by defendant Ferguson left the road and collided with objects on the side of the road. Both defendants are represented by the same counsel, but resistance to this motion is most strenuously made on behalf of the defendant owner Antoinello, who argues that a judgment in plaintiff's favor against the other defendant in the present posture of this proceeding would foreclose any defense by Antoinello arising possibly out of plaintiff's either contributory negligence or assumption of risk under circumstances which may be proven after a trial on the issue of liability.

The genesis of the difficulty here is the inability of defendants' counsel to locate the driver and produce him for examination. While the defendants' counsel would argue that the failure of defendant Ferguson to appear was not willful since he was unaware of the notice or order to take the deposition we believe that with an order for examination outstanding the failure to comply therewith removes the issue of willfulness from consideration on this motion. The practical difficulty here encountered in employing the penalty provisions provided in CPLR 3126 is that to do so would be to saddle the complying party with the effects of the recalcitrant's acts.

We cannot construe the statute as intending such a result since same provides that " the court may make such orders with regard to the failure or refusal as are just ". Justice will not result from penalizing to damage without recourse one defendant for the misfeasance of another in the course of litigation. Unless the court is made aware of (and from these papers we can elicit no showing in that regard) some disadvantage or disability imminent to plaintiff's cause of action because of inability to examine the defendant Ferguson, we believe the motion should be denied in all respects, without any prejudice resulting therefrom. Nor should the failure to complete defendant Ferguson's examination prejudice the plaintiff's filing a note of issue. While recent decisional law would authorize the imposition of costs in such a situation (cf. *Nomako* v. *Ashton, 22 A D 2d 683; Warner* v. *Bumgarner,* 49 Misc 2d 488), we are not persuaded that defendant Ferguson's conduct was deliberately designed to frustrate the examination. Hence no costs or conditions will be imposed on this denial of the motion.