■ NICKOLETTA ROZAKIS, as Administratrix of the Estate of GEORGE L. ROZAKIS, Deceased, Respondent, v. TILO COMPANY, INC., et al., Appellants.— In a negligence action to recover damages for wrongful death and conscious pain and suffering, defendants appeal from an order of the Supreme Court, Queens County, dated January 30, 1969, which, (1) on plaintiff's motion, *inter alia* struck out defendant Sandlin's answer for his willful failure to appear for examination before trial and (2) denied a cross motion by defendants' attorney for leave to withdraw as defendant Sandlin's attorney. Order modified, on the law and the facts, (1) by striking from the provision in the first decretal paragraph thereof which prohibits defendant Sandlin "from appearing or testifying either as a witness or as a party in the trial of the within action" the said words "either as a witness or"; (2) by adding, after said word "action" the following: "unless he appears for examination before trial before the trial of this action"; and (3) by adding to said paragraph the following: "If defendant Tilo Company, Inc. intends to call defendant Sandlin as a witness it shall notify plaintiff thereof and plaintiff shall be entitled to a reasonable opportunity to examine Sandlin prior to the trial." As so modified, order affirmed, with $10 costs and disbursements to respondent. Defendant Sandlin acted willfully in refusing to appear at the examination before trial and has totally refused to co-operate, not only in defending the action as against himself, but in defending the action as against his former employer, defendant Tilo Company, Inc. However, the latter's rights must be protected. It has asserted as an affirmative defense the contributory negligence of plaintiff and to that issue the driver Sandlin is a necessary witness. Rabin, Acting P. J., Hopkins, Benjamin, Martuscello and Kleinfeld, JJ., concur.

■ SHORT LINE DELIVERY CORP., Appellant, v. ACME CARRIERS, INC., Respondent.— Order of the Appellate Term, Second Judicial Department, dated April 21, 1967, affirmed, with $10 costs and disbursements. We are of the opinion that issues of fact are present which necessitated the denial of summary judgment beyond the amount granted. Christ, Acting P. J., Brennan, Rabin and Benjamin, JJ., concur; Martuscello, J., dissents and votes to reverse and to grant summary judgment as sought by plaintiff, with the following memorandum: I am of the opinion that defendant failed to overcome the documentary evidence presented by plaintiff and thus failed to raise an issue of fact requiring a trial.