■ CONCETTA DI GIANTOMASO, Respondent, v. KREGER TRUCK RENTING Co., INC., et al., Appellants.— In a negligence action to recover damages for personal injury, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County, dated January 26, 1970, as denied their motion to renew two previous motions of plaintiff, *inter alia*, to strike out the answer of defendant Fontanez, which previous motions had been granted. Order reversed insofar as appealed from, with $10 costs and disbursements; and defendants' motion granted and two orders dated February 27, 1969 and October 7, 1969, respectively, vacated, upon condition that defendant Fontanez be produced for examination before trial at least 30 days prior to the trial of the action, if located, or, alternatively, in the event he does not appear and submit to examination before trial by such time, that he be precluded from testifying at the trial. In our opinion, absent a showing of prejudice to plaintiff, it was an improvident exercise of discretion to strike the answer of defendant Fontanez and direct an assssment of damages against him for failure to appear for examination before trial. Such sanction would adversely affect the interests of the codefendant, Kreger Truck Renting Co., Inc., which co-operated and submitted to an examination. In any event, in

view of the derivative liability, if any, of Kreger, an immediate assessment of damages against Fontanez should not have been directed (*Kilpatrick* v. *Maya*, 14 A D 2d 751). Rabin, Acting P. J., Hopkins, Latham, Kleinfeld and Brennan, JJ., concur.