■ ABRAHAM FRANKEL, et al., Respondents, v FRENCH AND POLYCLINIC MEDICAL SCHOOL AND HEALTH CENTER, Appellant, et al., Defendants.—In a medical malpractice action, the defendant French and Polyclinic Medical School and Health Center appeals from (1) an order of the Supreme Court, Nassau County, dated January 3, 1979, which, *inter alia,* granted plaintiffs' motion to strike its answer for failure to appear for an examination before trial by one of its employees with knowledge of the facts and (2) a further order of the same court, dated January 26, 1979, which denied its motion for renewal. Order dated January 26, 1979 reversed, motion for renewal granted and, upon renewal, order dated January 3, 1979 vacated and motion to strike the defendant hospital's answer denied. Appeal from the order

dated January 3, 1979, dismissed as academic. The defendant hospital is awarded one bill of $50 costs and disbursements. Plaintiff Abraham Frankel is a former patient of the defendant French and Polyclinic Medical School and Health Center. The hospital was adjudicated a bankrupt on May 16, 1977 and on that date the United States District Court for the Southern District of New York issued an order staying "the commencement or continuation of any action * * * against the bankrupt or its property". Thereafter plaintiffs commenced this action against the hospital by service of a summons and complaint on or about September 26, 1977, to recover damages for personal injuries, etc., allegedly sustained due to medical malpractice. On these appeals the hospital first contends that because this action was commenced in violation of the stay issued by the bankruptcy court, the courts of this State were without subject matter jurisdiction. This contention is without merit for two reasons, namely that (1) a stay of the commencement of actions against a bankrupt is, in effect, an injunction addressed to a suitor and not to any court and it does not deprive such court of subject matter jurisdiction (*Steelman v All Continent Corp.,* 301 US 278, 290-291; cf. *Bergleitner v Weiss,* 52 AD2d 670) and (2) on January 22, 1979 the stay in question was vacated by the District Court upon motion of the plaintiffs in this case, *nunc pro tunc* as of May 16, 1977, so as to permit the commencement and continuance of the instant action. There remains the substantive issue of whether Special Term properly granted plaintiffs' motion to strike the defendant hospital's answer for failure to appear at an examination before trial by one of its employees with knowledge of the facts surrounding Mr. Frankel's treatment and injury. In support of its motion for renewal, the hospital submitted the affidavit of Irving Arzt, the trustee in bankruptcy, who averred that the hospital is bankrupt and *"defunct"* and that it has no employees. The well-established general rule in this State is that the courts are without power to compel a party to produce a *former employee* for an examination before trial (*McGowan v Eastman,* 271 NY 195, 198; 7 Carmody-Wait 2d, NY Prac, § 42:74, and the cases therein cited). It follows that Special Term erred in granting plaintiffs' motion for the imposition of the drastic sanction of striking the answer. Plaintiffs may seek to examine the former employees as witnesses (see CPLR 3101, subd [a], par [4]; 3106, subd [b]; *McGowan v Eastman, supra; Schmitt v Neapolitan Ice Cream Co.,* 213 App Div 884; 7 Carmody-Wait 2d, NY Prac, § 42.80). Mollen, P. J., Damiani, O'Connor and Rabin, JJ., concur.