■ BETTE McDIVITT, Individually and as Parent and Natural Guardian of GARY L. McDIVITT, Respondent, v S.S. KRESGE COMPANY et al., Respondents, and DENNISTON CHEMICAL COMPANY, Defendant-Appellant and Third-Party Plaintiff-Appellant. SOUTHERN CAN COMPANY, Third-Party Defendant-Respondent. — Order affirmed, with costs. Memorandum: Defendant and third-party plaintiff Denniston Chemical Company has failed to show through anyone with personal knowledge that the witness to be deposed, Julian M. Campbell, is no longer within its control. All concur, except Cardamone, J. P., and Simons, J., who dissent and vote to reverse and grant the motion, in the following memorandum.

Cardamone, J. P., and Simons, J. (dissenting). Plaintiff seeks to recover damages for personal injuries sustained as the result of an explosion of an aerosol can of spray paint. She has sued defendant Denniston Chemical Company, an Illinois corporation, along with several others. Denniston, who allegedly packaged the can, instituted a third-party complaint against Southern Can Company, who made cans for the paint manufacturer and Southern moved for an examination before trial of Denniston and deposed its president, William Denniston. He was unable to identify the can in issue as one packaged by Denniston. Southern then sought to examine Julian M. Campbell, a former employee and plant manager for Denniston Chemical Company at its Wheeling, Illinois, plant. Denniston moved for an order vacating the notice to depose Campbell, alleging in affidavits by its president and attorney evidence sufficient for the purpose (see CPLR 3020, subd [d], par 3; 3021), that it was no longer engaged in business, had sold its assets and good will and that Campbell was no longer in its employ. It alleged further that the business was presently being conducted by a separate and unrelated company known as U.S. Packaging Company, and that it had no control over U.S. Packaging Company or any of its present or former employees. Special Term denied Denniston's application. The order should be reversed. The court was without power to order examination of the corporation through a former employee *(McGowan v Eastman, 271 NY 195, 198; Frankel v French & Polyclinic Med. School & Health Center, 70 AD2d 947, 948; Western Elevating Assn. v Chapman, 238 App Div 14; and see 7 Carmody-Wait 2d, NY Prac, § 42:74).* (Appeal from order of Niagara Supreme Court — discovery.) Present — Cardamone, J.P., Simons, Callahan, Denman and Schnepp, JJ.