■ CLEO BRILEY, Respondent, v LEA MORRISEAU et al., Appellants. — In a negligence action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Westchester County (Delaney, J.), entered July 8, 1983, which granted plaintiff's motion to strike the answer of defendant Lea Morriseau, and directed an inquest as to her. Order reversed, without costs or disbursements, motion denied, and defendant Lea Morriseau's answer is reinstated on condition that she appear for an examination before trial within 20 days after service upon her of a copy of the order to be made hereon, with notice of entry, at a time and place to be designated by plaintiff or at such time and place as the parties may agree. In the event the condition is not complied with, order affirmed, with costs. In the absence of prejudice to plaintiff, it was error to strike the answer of defendant Morriseau based on her refusal to submit to an examination before trial without first affording her one final opportunity to submit to an examination before trial. This is so because it is necessary to protect the rights of her codefendant and former employer, which has co-operated and has attempted to produce her for the examination before trial (*Di Giantomaso v Kreger Truck Renting Co.,* 34 AD2d 964; *Rozakis v Tilo Co.,* 32 AD2d 930; *Rogonia v Ferguson,* 52 Misc 2d 298). Mollen, P. J., Lazer, Thompson and Boyers, JJ., concur.