■ V. James Zappolo et al., Appellants, v Putnam Hospital Center, Respondent, et al., Defendants.—In a medical malpractice action to recover damages for conscious pain and suffering and wrongful death, plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Beisheim, J.), dated April 9, 1985, as denied that branch of its motion which was to strike the answer of defendant Putnam Hospital Center or, in the alternative, to compel compliance with their notice to take the oral deposition of that defendant and with certain prior orders of the same court concerning disclosure by it, with leave to plaintiffs to take the oral examination of any former medical personnel of that defendant.

Order affirmed insofar as appealed from, with costs.

Special Term properly denied the branch of plaintiffs' motion which was to strike the answer of the defendant hospital or, alternatively, to direct the hospital to submit to a further examination before trial. It appears that the hospital has complied, to the extent possible, with plaintiffs' notice and with the prior orders directing it to submit to an examination before trial. However, most of the medical personnel having personal knowledge of decedent's case are no longer employed by the defendant hospital and it cannot be compelled to produce its former employees for an examination before trial (see, Frankel v French & Polyclinic Med. School & Health Center, 70 AD2d 947). Thus, plaintiffs must proceed to examine such persons in the manner provided for nonparty witnesses (CPLR 3106 [a]).

Finally, plaintiffs' claim that the order appealed from effectively overruled a prior order made by a court of coordinate jurisdiction is of no avail on this appeal, inasmuch as the doctrine of the " 'law of the case' " does not bind an appellate court (Martin v City of Cohoes, 37 NY2d 162, 165; Wilson v McCarthy, 53 AD2d 860). Mangano, J. P., Bracken, Weinstein, Lawrence and Kooper, JJ., concur.