■ JEFFREY LULL, Respondent, v MICHAEL J. BREITER, Respondent and Third-Party Plaintiff-Respondent, and RYDER TRUCK RENTAL, INC., et al., Appellants. WALLACE E. THROOP, JR., Third-Party Defendant-Appellant. MICHAEL J. BREITER, Respondent, v RYDER TRUCK RENTAL, INC., et al., Appellants, and EDWARD N. FRANCHT, Appellant, and Third-Party Plaintiff-Appellant. WALLACE E. THROOP, JR., Third-Party Defendant-Appellant.—Order, Supreme Court, New York County (Bruce McM. Wright, J.), entered June 20, 1986, which denied the motions of defendants Ryder Truck Rental, Inc., Joseph T.

Ryerson & Sons, Inc. and Wallace Throop, and of defendant Edward N. Francht, for reargument and renewal of the prior order of said court which struck their answers and precluded defendants Francht and Throop from testifying at the trial, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, renewal granted and the original order vacated on the condition that defendants Throop and Francht appear for depositions within 30 days of the date of this court's order.

Appeal from the order, Supreme Court, New York County (Bruce McM. Wright, J.), entered January 27, 1986, is dismissed as subsumed in the appeal from the order of June 20, 1986, without costs.

Under the circumstances present here, it was an abuse of discretion to impose the ultimate sanction pursuant to CPLR 3126, viz., unconditional striking of the pleadings, for the alleged failure of defendants Throop and Francht to appear for depositions.

Pursuant to prior court order dated August 20, 1985, defendant Francht was scheduled to appear for a deposition in New York City on September 29, 1985. Defendant Throop was scheduled to appear on the next day, September 30, 1985.

Defendant Francht had relocated to Florida, where he works for a traveling construction company and has no fixed address or telephone. Despite counsel's diligent efforts, he could not be located in time to appear.

Defendant Throop resides in Albany, New York, and made arrangements to travel to New York City on the scheduled date. However, Throop canceled his travel plans because of the impending Hurricane Gloria and his counsel unsuccessfully attempted to adjourn the deposition.

The harshest available sanction for failure to comply with discovery orders, the striking of pleadings, should not be applied unless the failure to comply was willful, contumacious, or in bad faith. (E.g., Bassett v Bando Sangsa Co., 103 AD2d 728.) The failure of each defendant to appear for depositions on this solitary occasion was not due to willful or contumacious conduct. The severe penalty imposed was not warranted in these circumstances, and, accordingly, the defendants should be given a further opportunity to appear before their answers are stricken. Concur—Murphy, P. J., Kupferman, Sullivan, Asch and Ellerin, JJ.