(October 12, 1989)

■ COMARCO DATA SERVICES, INC., Appellant, v TRU-CHECK COMPUTER SYSTEMS, INC., et al., Respondents. TRU-CHECK COMPUTER SYSTEMS, INC., Respondent, v COMARCO DATA SERVICES, INC., et al., Appellants.—Order, Supreme Court, New York County (Eugene Nardelli, J.), entered January 17, 1989, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of reinstating the replies of Perrone and Gruss, permitting the testimony of Comarco, Schruntek and Ferguson, on the condition that within 60 days from the date of entry of this court's order counterclaim defendants Perrone and Gruss (1) jointly pay to counterclaim plaintiffs Tru-Check and Kaufman the sum of $1,000 and (2) submit to an examination before trial at a mutually agreeable date, following which counterclaim plaintiff Kaufman shall be deposed, and said order is otherwise affirmed, without costs or disbursements. In the event counterclaim defendants fail to comply with said conditions, the aforesaid order is modified to the extent of striking the provision directing personal service on Kaufman and the provision that the issue of preclusion with respect to the testimony of Comarco, Schruntek and Ferguson be left to the discretion of the Trial Judge and otherwise affirmed, without costs. The appeal from the order entered August 3, 1988 is dismissed, without costs, as having been superseded by the appeal from the January 17, 1989 order.

We find, in the circumstances presented, that the severe

penalty of striking the replies of Perrone and Gruss to the counterclaims of Tru-Check Computer Systems, Inc. was not warranted and that said parties should be given a final opportunity to appear for deposition. *(See, Lull v Breiter,* 127 AD2d 530, 531.)* It is undisputed that Gruss and Perrone had resettled in California and are employed there. Thus, we cannot say, on this record, that their failure to appear was willful. Moreover, it appears that much of their testimony will be redundant. Nevertheless, we believe that a sanction is necessary and, accordingly, have provided for the same. It is obvious that the real conflict here is between the attorneys, who have been less than cooperative in their efforts in proceed with this litigation. In particular, counterclaim defendants' attorney appears to be acting either out of frustration over the adverse parties' exercise of priority of deposition, or pique because of his perception that the taking of depositions is being used for untoward tactical purposes. Even if the striking of the nonappearing parties' replies was justified, there was no warrant for precluding the appearing parties from testifying as to matters as to which Perrone and Gruss might have testified. They did nothing to incur a sanction which would have an adverse effect on their interests.

Finally, as even defendant Kaufman concedes, there was no need for requiring personal service upon him of an order calling for his deposition. Service on his attorneys would have sufficed. Concur—Murphy, P. J., Sullivan, Ross, Milonas and Rubin, JJ.