■ JEREMIAS C. QUINTANILLA, Respondent, v STEVEN HARCHACK, Respondent, et al., Defendant, and JE SUIS, INC., et al., Appellants. [686 NYS2d 854] —In an action to recover damages for personal injuries, the defendants Je Suis, Inc., and Yankee Peddler appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), entered April 6, 1998, as denied their cross motion, *inter alia,* to preclude the codefendant Steven Harchack from testifying at trial.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 17, 1991, the defendant Steven Harchack, while driving the defendant Herb Kavall's vehicle, struck the plaintiff, a pedestrian, injuring him. Harchack was intoxicated at the time. Harchack pleaded guilty to driving while intoxicated, vehicular assault, and speeding. He allegedly stated during his plea allocution that on the day in question he had been drinking only at the tavern owned by the defendants Je Suis, Inc., and Yankee Peddler (hereinafter the appellants), and that the appellants had served him while he was visibly intoxicated. Since the commencement of this action, Harchack has disobeyed five court orders directing him to appear for a deposition, without which the plaintiff may not be able to establish a Dram Shop cause of action against the appellants. The Supreme Court declined to grant the cross motion of the appellants, *inter alia*, to preclude Harchack's testimony at trial (*see,* CPLR 3126), but allowed the plaintiff to pursue Harchack with contempt proceedings and a warrant of commitment and arrest, in an attempt to secure his deposition.

The court did not improvidently exercise its discretion. It is incumbent upon the trial court to protect the rights of any innocent party whose cause of action or defense would be unfairly impaired by the imposition of a CPLR 3126 penalty on another, contumacious party. This is particularly true where, as here, the movant failed to demonstrate prejudice (*see, e.g., Di Giantomaso v Kreger Truck Renting Co.,* 34 AD2d 964; *Rozakis v Tilo Co.,* 32 AD2d 930; *see also, Briley v Morriseau,* 99 AD2d 524; *Rogonia v Ferguson,* 52 Misc 2d 298). The plaintiff should not be caused to forfeit an opportunity of proving his claim against the appellants by precluding from evidence at trial the testimony of Harchack in the absence of any showing of prejudice by the appellants. Bracken, J. P., Sullivan, Altman and Friedmann, JJ., concur.