*570 OPINION OF THE COURT
Victor M. Ort, J.
In this case the court is presented with the novel issue of whether a codefendant’s guilty plea allocution is admissible against a defendant in a civil case arising from the codefendant’s criminal activity. This is an action for personal injuries under the Dram Shop Act (General Obligations Law § 11-101). On March 17, 1991 at approximately 6:55 a.m., plaintiff Jeremías Quintanilla, a pedestrian, was struck and injured by a vehicle driven by defendant Steven Harchack and owned by defendant Herb Kavall. More specifically, the plaintiffs leg had to be amputated as a result of the incident. It is alleged that Harchack was intoxicated at the time of the incident and had been drinking at a tavern owned by the defendants Je Suis, Inc. and Yankee Peddler. Defendants Je Suis, Inc. and Yankee Peddler are moving for summary judgment dismissing the complaint on the grounds that they did not serve alcoholic beverages to Harchack and that, even if they did, there is no evidence that he was visibly intoxicated when served. The motion was transferred by Justice Levitt to the undersigned on January 3, 2000.
General Obligations Law § 11-101 (1), known as the Dram Shop Act, makes a party who “unlawful [ly]” sells alcohol to another person liable for injuries caused by reason of that person’s intoxication. Under Alcoholic Beverage Control Law § 65 (2), it is unlawful to furnish an alcoholic beverage to any “visibly intoxicated person.” “The Legislature’s use of the term ‘visible’ * * * does not create a rigid requirement that that essential element of the claim be established by direct proof in the form of testimonial evidence from someone who actually observed the allegedly intoxicated person’s demeanor at the time and place that the alcohol was served.” (Romano v Stanley, 90 NY2d 444, 450 [1997].) Rather, the statutory language permits “‘the introduction of circumstantial evidence to establish the visible intoxication of the customer.’ ” {Supra, at 450.)
In opposition to defendants’ summary judgment motion, plaintiff has submitted, among other documents, the deposition of Police Officer Bill Bailey who responded to the scene of the accident and arrested Mr. Harchack. Officer Bailey testified at the deposition that at the time of arrest, Mr. Harchack’s eyes were bloodshot and glassy, he was unsteady on his feet, his speech was slurred, and there was an odor of alcoholic beverage on his breath. The officer’s testimony concerning Mr. Har *571 ¿hack’s demeanor at the accident scene is circumstantial evidence as to his visibly intoxicated condition shortly before the accident. (See, Adamy v Ziriakus, 92 NY2d 396, 403 [1998].) Officer Bailey further testified that police laboratory analysis of a sample of Mr. Harchack’s blood indicated a blood alcohol content of .17%.
Also submitted on this motion, annexed as exhibit H to defendants’ papers, is the transcript of Mr. Harchack’s plea allocution in County Court, Suffolk County. The plea allocution is the only evidence submitted indicating that Mr. Harchack was served alcoholic beverages at the Yankee Peddler. While represented by counsel, Mr. Harchack entered a plea of guilty to vehicular assault in the second degree, a class E felony, operating a motor vehicle while under the influence of alcohol as a misdemeanor, and speeding. As part of the plea bargain, Mr. Harchack was “conditionally” promised a sentence of five years’ probation. In the course of his allocution, Mr. Harchack stated, pertinent to the present case, that he had drunk four bottles of beer and two shots of liquor prior to the accident. Mr. Harchack maintained that he had been drinking at Yankee Peddler between 2:00 and 4:00 a.m. and that he had not been drinking at any other establishment. Mr. Harchack also swore that his blood alcohol reading was .17%.
The party opposing a summary judgment motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure to do so. (Zuckerman v City of New York, 49 NY2d 557, 560 [1980].)* Although themselves submitting the plea allocution, defendants, not surprisingly, object to its being considered on the present motion on the ground that it is hearsay. Citing People v Thomas (68 NY2d 194), defendants contend that the plea allocution is inadmissible because it does not satisfy the requirements for admission as a declaration against penal interest.
Contrary to the position of the defendants, the court concludes that Mr. Harchack’s plea allocution is admissible, at least for the purposes of this summary judgment motion. In People v Thomas (68 NY2d 194 [1986], supra), the Court of Appeals understandably articulated the higher standard of “exacting scrutiny” which must be applied before the plea allocution *572 of a codefendant may be introduced against a defendant in a criminal case. Where, by contrast, a criminal defendant seeks to offer a codefendant’s statement because it is exculpatory with respect to the defendant on trial, the standard is more lenient. (People v Settles, 46 NY2d 154 [1978]; People v Smith, 195 AD2d 112 [1st Dept 1994].) In such circumstances, to qualify for admission as a declaration against penal interest four elements must be present: (1) the declarant must be unavailable as a witness at trial, (2) when the statement was made the declarant must be aware that it was adverse to his penal interest, (3) the declarant must have competent knowledge of the facts underlying the statement, and (4) supporting circumstances independent of the statement itself must be present to attest to its trustworthiness and reliability. (People v Settles, 46 NY2d, at 167.)
The court concludes that in the context of this civil case, the more lenient standard should apply. Moreover, the court concludes that Mr. Harchack’s plea allocution satisfies all of these requirements. The Appellate Division, Second Department, noted in connection with a prior appeal in this case that Mr. Harchack has disobeyed five court orders directing him to appear for a deposition and that plaintiff was required to pursue Harchack with contempt proceedings and a warrant of commitment and arrest in a vain attempt to secure his deposition. (Quintanilla v Harchack, 259 AD2d 681 [2d Dept 1999], supra.) Thus, Mr. Harchack is clearly unavailable, although it has not been established that he is absent from the jurisdiction, has refused to testify on constitutional grounds, or is dead.
With respect to the second element, by pleading guilty to a felony, Mr. Harchack was plainly acting contrary to his penal interest. (See, People v Thomas, 68 NY2d, supra, at 198.) Even though he was conditionally promised a nonjail sentence, his plea of guilty constituted a criminal conviction and he was subject to incarceration in the event his probation was violated. The allocution took place before the County Court Judge in open court, and Mr. Harchack was under oath and represented by counsel. Thus, Mr. Harchack was clearly aware that the statement was adverse to his penal interest at the time it was made. The identity of the bar where he had been served was not an element of the crime charged, and thus Mr. Harchack’s statement naming the Yankee Peddler was not, strictly speaking, necessary to the allocution. However, there is no evidence that Mr. Harchack had any animus to the Yankee Peddler or *573 its proprietors or was trying to protect any other establishment. Moreover, the name of the tavern where he had been drinking lent additional credence to his admission, and thus would have been damaging to Mr. Harchack were he subsequently to have moved to withdraw his plea based on a claim of innocence. Based on all the circumstances, the court concludes that Mr. Harchack was aware that the specific statement naming the Yankee Peddler was adverse tó his penal interest. Defendants’ argument that the statement was not against Mr. Harchack’s penal interest because it was made to obtain a favorable plea bargain addresses what weight the statement should be given rather than the admissibility of the plea allocution.
Inasmuch as Mr. Harchack was describing his own actions of imbibing alcoholic beverages prior to the accident, he had competent knowledge of the facts underlying his statement. Finally, the blood alcohol reading and the police officer’s observations on the scene are circumstances independent of the statement which corroborate its trustworthiness and reliability. Thus, the court concludes that the plea allocution should be admissible at least for the purposes of this summary judgment motion. With respect to the admissibility of the document at trial, the court concludes that the first three elements have been satisfied, but defendants’ objection based on the fourth element, the trustworthiness and reliability of the plea allocution, is reserved to the trial court which will be able to observe firsthand and evaluate Officer Bailey.
As indicated above, even if the plea allocution were not admissible for purposes of summary judgment, the court would nonetheless be constrained to deny defendants’ motion. Mr. Harchack’s flagrant disobedience of court orders and refusal to appear for an examination before trial is ample excuse for plaintiffs failure to submit to the court other evidence showing the name of the establishment where the alcoholic beverages were served. Accordingly, defendants’ motion for summary judgment is in all respects denied.

 In any event, the plaintiff clearly comes within the “acceptable excuse” prong of Zuckerman (supra; see, discussion in Quintanilla v Harchack, 259 AD2d 681 [2d Dept 1999], with respect to the unavailability of defendant Harchack).