■ LAURA SCHNEIDER et al., Respondents, v MELMARKETS INC., Doing Business as FOODTOWN STORE No. 204, Appellant. [735 NYS2d 601] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated March 2, 2001, as upon, in effect, granting reargument, adhered to the prior determination in an order dated November 16, 2000, denying its motion for summary judgment dismissing the complaint and granting the plaintiffs' cross motion to compel it to produce a former employee for deposition.

Ordered that the order dated March 2, 2001, is reversed insofar as appealed from, on the law, with costs, the motion is granted, the cross motion is denied, the order dated November 16, 2000, is vacated, and the complaint is dismissed.

The plaintiffs commenced this action to recover damages arising from an alleged slip and fall on a liquid on the floor of the defendant supermarket. After a note of issue was filed, the defendant moved for summary judgment dismissing the complaint. In support of its motion, the defendant proffered the affidavit of a former employee, Carl Janewicz, the assistant manager of the subject store on the day in question. Janewicz stated that he neither observed nor received any complaints of liquid on the floor before the injured plaintiff fell. The plaintiffs opposed the motion and cross-moved to compel the defendant

to produce Janewicz for a deposition. The Supreme Court denied the motion and granted the cross motion. The defendant then moved for leave to reargue. In the order appealed from, the Supreme Court, upon, in effect, granting reargument, adhered to its prior determination. We reverse.

The Supreme Court erred in granting the plaintiffs' cross motion to compel the defendant to produce Janewicz, a former employee who was no longer under its control (*see, Zappolo v Putnam Hosp. Ctr.,* 117 AD2d 597; *Holloway v Cha Cha Laundry,* 97 AD2d 385; *Sparacino v City of New York,* 85 AD2d 688; *Frankel v French & Polyclinic Med. School & Health Ctr.,* 70 AD2d 947). Indeed, almost two years before the filing of the note of issue, the defendant disclosed to the plaintiffs that Janewicz was no longer in its employ and provided them with his last known address. The plaintiffs never sought to depose Janewicz as a nonparty witness. In any event, the plaintiffs offered nothing more than "mere hope" that evidence sufficient to defeat the defendant's motion would be uncovered during the requested deposition (*see, Mazzaferro v Barterama Corp.,* 218 AD2d 643).

In opposition to the defendant's prima facie demonstration of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact that the defendant either created the alleged dangerous condition at issue, or had actual or constructive notice of the condition and a reasonable time to remedy it (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Ortega v New York City Tr. Auth.,* 262 AD2d 470; *Rosario v New York City Tr. Auth.,* 215 AD2d 364). Thus, the defendant was entitled to summary judgment dismissing the complaint. Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.