■ HELEN MERMELSTEIN, Respondent, v SERENA E. KALKER, Defendant, and SANTIAGO TEXIDOR, JR., et al., Appellants. [741 NYS2d 903] —In an action to recover damages for personal injuries, the defendants Santiago Texidor, Jr., and National Freight, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated September 4, 2001, as denied their motion to change the venue of the action from Kings County to Orange County.

■ HELEN MERMELSTEIN, Respondent, v SERENA E. KALKER, Defendant, and SANTIAGO TEXIDOR, JR., et al., Appellants. [741 NYS2d 904] —In an action to recover damages for personal injuries, the defendants Santiago Texidor, Jr., and National Freight, Inc., appeal from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated October 17, 2001, as granted that branch of the plaintiff's motion pursuant to CPLR 3126 which was to strike their answer insofar as asserted on behalf of the defendant Santiago Texidor, Jr.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the plaintiff's motion which was to strike the answer insofar as asserted on behalf of the defendant Santiago Texidor, Jr., is granted only to the extent that he is precluded from offering evidence on his own behalf at trial unless he appears for an examination before trial no later than 30 days prior to trial.

The defendant Santiago Texidor, Jr., willfully refused to appear at several examinations before trial and refused to coop-

erate, not only in defending the action insofar as asserted against himself, but in defending the action insofar as asserted against his former employer, the defendant National Freight, Inc. However, the latter's rights must be protected, and it should be given an opportunity to demonstrate at trial that Texidor was not responsible for the plaintiff's injuries. The Supreme Court therefore erred in granting that branch of the plaintiff's motion which was to strike the answer insofar as asserted on behalf of Texidor (*see Quintanilla v Harchack,* 259 AD2d 681; *Di Giantomaso v Kreger Truck Renting Co.,* 34 AD2d 964). A more appropriate sanction is to preclude Texidor from offering evidence on his own behalf at trial unless he appears for an examination before trial no later than 30 days prior to trial.

It is noted that all parties remain free to use contempt proceedings or a warrant of commitment and arrest to attempt to secure Texidor's deposition or trial testimony (*see Quintanilla v Harchack, supra*). Altman, J.P., Smith, Krausman, McGinity and Cozier, JJ., concur.