■ CB RICHARD ELLIS, BUFFALO, LLC, Respondent, v D.R. WATSON HOLDINGS, LLC, Appellant. [875 NYS2d 380]—

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered December 7, 2007. The order, insofar as appealed from, granted in part the motion of plaintiff for summary judgment and awarded plaintiff a certain sum for leasing commissions.

It is hereby ordered that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking leasing and sales commissions pursuant to a listing contract extension granting it the exclusive right to sell or lease defendant's property. Supreme Court properly granted that part of plaintiff's motion for summary judgment seeking leasing commissions and awarding plaintiff the sum of $41,000 plus interest. We note at the outset that defendant's sole contention on appeal is that the

court erred in granting that part of the motion because defendant raised a triable issue of fact whether an accord and satisfaction occurred with respect to the leasing commissions. We therefore cannot agree with the dissent that this Court should address the issue of plaintiff's entitlement to those commissions. It is well settled that "parties to a civil dispute are free to chart their own litigation course" (*Mitchell v New York Hosp.*, 61 NY2d 208, 214 [1984]) and "may fashion the basis upon which a particular controversy will be resolved" (*Cullen v Naples*, 31 NY2d 818, 820 [1972]). Thus, we see no reason to reach the issue raised sua sponte by the dissent.

We reject defendant's contention with respect to the defense of accord and satisfaction. A party seeking to establish that an accord and satisfaction occurred must demonstrate that the disputed claim was "mutually resolved through a new contract 'discharging all or part of the[ ] obligations under the original contract' " (*Conboy, McKay, Bachman & Kendall v Armstrong*, 110 AD2d 1042, 1042 [1985]; *see Pothos v Arverne Houses*, 269 AD2d 377, 378 [2000]). Here, defendant relies solely on an alleged oral agreement between the parties' officers and failed to submit evidence sufficient to raise a triable issue of fact whether a payment of approximately $8,000 to plaintiff constituted an accord and satisfaction.

The sole issue on appeal, according to defendant's brief, is whether there are "genuine issues of material fact . . . with respect to the defense of accord and satisfaction." Thus, contrary to the position taken by the dissent, the question of plaintiff's entitlement to a commission was never disputed by defendant, and thus the entitlement issue is not before us.

All concur except Smith and Peradotto, JJ., who dissent and vote to reverse the order insofar as appealed from in accordance with the following memorandum.

Smith and Peradotto, JJ. (dissenting). We respectfully dissent because we conclude that plaintiff failed to meet its initial burden on that part of its motion for summary judgment seeking leasing commissions. We agree with the majority that plaintiff sought commissions for property leases pursuant to a listing contract extension (contract), but we cannot agree with its implicit conclusion that plaintiff established its entitlement to commissions under that contract. The contract provides that plaintiff shall be entitled to certain commissions "in case said property or any part thereof is leased before the expiration of the" contract, i.e., February 16, 2001, and the lease agreement for which plaintiff sought commissions is dated April 10, 2001. Although the contract contains several provisions permitting

plaintiff to recover commissions for sales or leases occurring outside the term of the contract under certain circumstances, plaintiff failed to submit evidence in support of its motion establishing that any of those circumstances exist. Because plaintiff failed to meet its initial burden on that part of the motion with respect to leasing commissions (*see Barrister Referrals v Windels, Marx, Davies & Ives*, 169 AD2d 622 [1991]; *see generally Ritta Personnel v Andrew F. Capoccia, P. C.*, 144 AD2d 196, 197-198 [1988]), we conclude that Supreme Court erred in granting that part of the motion. In view of our decision, we do not address the sufficiency of defendant's opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). We therefore would reverse the order insofar as appealed from, deny plaintiff's motion in its entirety and vacate the sum awarded for leasing commissions. Present—Scudder, P.J., Martoche, Smith, Peradotto and Pine, JJ.