■ Peter Cooke-Zwiebach et al., Respondents, v Robert I. Oziel, Defendant, and Robert W. Seavey et al., Appellants. [905 NYS2d 1]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered October 16, 2008, awarding plaintiffs the aggregate sum of $600,532.16, and order, same court (Walter Tolub, J.), entered August 26, 2008, which struck defendants' answer and set the matter down for inquest, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, and the answer reinstated, on condition that defendants-appellants, within 30 days of the date of this order, post a bond in the amount of the judgment; by such date as Supreme Court shall direct, pay plaintiffs' reasonable costs, including legal fees incurred in connection with this appeal, to be determined after a hearing; and within 60 days of the date hereof, provide discovery as heretofore directed by Supreme Court.

This action alleging fraud and conversion arises out of the misconduct of defendant Oziel while a member of the now-dissolved defendant law firm (*see Matter of Oziel*, 66 AD3d 145 [2009]). The complaint alleges no indiscretion by individual defendants Seavey and Vogel, who contend that the failure to comply with court-ordered discovery was attributable to Oziel's intransigence. Although represented by the same counsel, defendants argue that it is inappropriate to impose a sanction on one party for another's failure to comply with discovery, even where the parties are interrelated (*see Mermelstein v Kalker*, 294 AD2d 413 [2002]; *Magee v City of New York*, 242 AD2d 239

[1997]; *Di Giantomaso v Kreger Truck Renting Co.*, 34 AD2d 964 [1970]; *see also Feingold v Walworth Bros.*, 238 NY 446, 451 [1924]).

Whether Seavey and Vogel are culpable for plaintiffs' loss and whether they are liable for the damages sustained as a result of Oziel's wrongdoing are separate questions, but culpability and liability are both imposed by virtue of the law of partnership (*see Clients' Sec. Fund of State of N.Y. v Grandeau*, 72 NY2d 62, 67 [1988]; *United States Trust Co. of N.Y. v Bamco 18*, 183 AD2d 549 [1992]). The answer herein does not advance any individual defenses. However, in the interest of affording an opportunity to assert such individual defenses as may be available and to obtain separate counsel should they be so advised, we exercise our discretion to permit defendants to proceed upon compliance with the conditions stated. Concur—Tom, J.P., Saxe, Nardelli, Renwick and Freedman, JJ.