# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1388**
**CA 11-01042**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND MARTOCHE, JJ.

---

RICHARD HANN, RITA HANN,
PLAINTIFFS-RESPONDENTS,
ET AL., PLAINTIFF,

V                                              MEMORANDUM AND ORDER

STEPHEN R. BLACK AND J&R SCHUGEL
TRUCKING, INC., DEFENDANTS-APPELLANTS.

---

RUSSO, KEANE & TONER, LLP, NEW YORK CITY (NAOMI M. TAUB OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

FARACI LANGE, LLP, ROCHESTER (CAROL A. MCKENNA OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Ontario County
(Frederick G. Reed, A.J.), entered December 22, 2010 in a personal
injury action.  The order granted the motion of plaintiffs Richard
Hann and Rita Hann, struck the answer of defendants and granted
Richard Hann and Rita Hann partial summary judgment on the issue of
liability.

It is hereby ORDERED that the order so appealed from is affirmed
without costs.

Memorandum:  Plaintiffs commenced this action seeking damages for
injuries sustained by Richard Hann (plaintiff) when the tractor
trailer driven by him collided with a tractor trailer driven by
defendant Stephen R. Black and owned by defendant J&R Schugel
Trucking, Inc. (J&R Schugel).  Defendants contend on appeal that
Supreme Court erred in granting the motion of plaintiffs-respondents
(plaintiffs) to strike defendants' answer pursuant to CPLR 3126 (3)
based, inter alia, on their failure to comply with a prior order
directing Black to be produced for a deposition, and for partial
summary judgment on liability.  We reject that contention.

We are compelled to note at the outset that Black left the
employment of J&R Schugel in October 2007 and that the accident
occurred in late January 2007, and thus the decision of the dissent is
based upon the well-established principle that a party may not be
compelled to produce a former employee for a deposition (*see McGowan v
Eastman*, 271 NY 195, 198).  We of course acknowledge the validity of
that principle.  We do not rely upon it, however, because defendants,
who were represented by the same counsel, raised no such contention in

opposition to the motion, nor indeed is that contention raised for the first time on appeal, which in any event would be improper (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

We reject the dissent's position that the issue of control was raised by defense counsel during the proceedings.  In opposition to plaintiffs' motion to strike the answer, defendants' attorney raised the issue of control of Black as a basis for determining that J&R Schugel's failure to produce him was not willful or contumacious. Defendants' attorney did not argue that J&R Schugel had no legal obligation to produce him for a supplemental deposition because it no longer employed Black.  Rather, J&R Schugel implicitly concedes its control over Black by virtue of its contention on appeal that it was ready and willing to produce Black at a second deposition but was unable to locate him.  Indeed, defendants' attorney expressly stated in his opposing affirmation that Black would be produced "directly before the trial."  Furthermore, contrary to the position taken by the dissent, we do not view the representation of Black and J&R Schugel by the same counsel as an arrangement of convenience.  At the time of his original deposition, Black was not employed by J&R Schugel, yet the transcript of that deposition establishes that there was one attorney of record for both defendants.  In a letter to Black, dated after the court had ordered a supplemental deposition, the attorney of record stated that he was working "on the defense of your case."  Moreover, when the court denied plaintiffs' renewed motion for summary judgment, it also ordered that "*[d]efendants* shall produce Stephen R. Black" for a supplemental deposition (emphasis added), and we note that J&R Schugel did not appeal from that part of the order (*see generally* CPLR 5501 [a] [1]).  Parties "to a civil dispute are free to chart their own litigation course" (*Mitchell v New York Hosp*., 61 NY2d 208, 214), and "may fashion the basis upon which a particular controversy will be resolved" (*Cullen v Naples*, 31 NY2d 818, 820).  We see no reason to reach the issue, raised sua sponte by the dissent (*see CB Richard Ellis, Buffalo, LLC v D.R. Watson Holdings, LLC*, 60 AD3d 1409, 1410), whether J&R Schugel had control over Black.

We thus turn to the merits of the contentions raised by the parties on appeal.  "It is well settled that '[t]rial courts have broad discretion in supervising disclosure and, absent a clear abuse of that discretion, a trial court's exercise of such authority should not be disturbed' " (*Carpenter v Browning-Ferris Indus*., 307 AD2d 713, 715).  We have "repeatedly held that the striking of a pleading is appropriate only where there is a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (*Perry v Town of Geneva*, 64 AD3d 1225, 1226 [internal quotation marks omitted]).  "Once a moving party establishes that the failure to comply with a disclosure order was willful, contumacious or in bad faith, the burden shifts to the nonmoving party to offer a reasonable excuse" (*WILJEFF, LLC v United Realty Mgt. Corp*., 82 AD3d 1616, 1619). Contrary to defendants' contention, plaintiffs met that initial burden, "thereby shifting the burden to defendant[s] to offer a reasonable excuse" (*Hill v Oberoi*, 13 AD3d 1095, 1096).  Here, the court's determination "[t]hat the conduct of [defendants] was willful and contumacious could be inferred from their failure to comply" with

an order to produce Black for a deposition, along with their protracted delay in providing a response to plaintiffs' demands for the disclosure of photographs of the accident scene (*Leone v Esposito*, 299 AD2d 930, 931, *lv dismissed* 99 NY2d 611; *see Kopin v Wal-Mart Stores*, 299 AD2d 937, 937-938).

We further conclude that defendants failed to meet their burden of offering a reasonable excuse for failing to comply with the court's order to produce Black for a deposition or to provide the photographs of the accident scene in a timely manner (*see Hill*, 13 AD3d at 1096). J&R Schugel contends that it could not comply with the order to produce Black because it was unable to locate him. However, "[t]he fact that [a defendant's] whereabouts are unknown is no bar to plaintiffs' requested sanction" of striking defendants' answer (*Reidel v Ryder TRS, Inc.*, 13 AD3d 170, 171), and in any event J&R Schugel "offered insufficient proof of a good faith effort to locate" Black (*Mason v MTA N.Y. City Tr.*, 38 AD3d 258; *see Reidel*, 13 AD3d at 171).

Defendants contend for the first time on appeal that plaintiffs were not prejudiced by defendants' conduct, and thus that contention is not properly before us (*see Ciesinski*, 202 AD2d at 985). Finally, defendants' contention that the court based its determination on impermissible credibility determinations is not properly before us because it is raised for the first time in defendants' reply brief (*see generally Matter of State of New York v Zimmer* [appeal No. 4], 63 AD3d 1563; *Turner v Canale*, 15 AD3d 960, 961, *lv denied* 5 NY3d 702).

All concur except CENTRA and CARNI, JJ., who dissent and vote to modify in accordance with the following Memorandum: We respectfully dissent in part inasmuch as we cannot agree with our colleagues that Supreme Court did not abuse its discretion in granting the motion of plaintiffs-respondents (plaintiffs) to strike defendants' answer pursuant to CPLR 3126 (3) and for partial summary judgment on liability.

Initially, we note that, in October 2007, defendant Stephen R. Black left the employment of the trucking company owned by defendant J&R Schugel Trucking, Inc. (J&R Schugel). The accident had occurred on January 26, 2007, and plaintiffs commenced this action on December 19, 2008. Black was initially deposed on July 21, 2009 and testified that he was no longer employed by J&R Schugel. Thus, plaintiffs were adequately informed well before trial that Black was no longer under the control of J&R Schugel (*see Schneider v Melmarkets Inc*., 289 AD2d 470, 471). It is well settled that a party may not be compelled to produce a former employee for a deposition (*see McGowan v Eastman*, 271 NY 195, 198). Here, plaintiffs made no effort - except to compel J&R Schugel to produce a party over whom it had no control - to conduct a further deposition of Black, although plaintiffs and J&R Schugel were equally apprised of his whereabouts by Black himself, at his first deposition (*see Schneider*, 289 AD2d 470).

Plaintiffs' misguided effort to compel J&R Schugel to produce Black led to a motion by plaintiffs for leave to renew a motion for partial summary judgment on negligence, based on Black's original

deposition testimony. That motion, as well as a motion by the third plaintiff, resulted in an order signed on May 18, 2010, which denied plaintiffs' motions and provided that "[d]efendants shall produce Stephen R. Black on the earliest possible date for a further deposition concerning Defendants' January 6, 2010 Supplemental Response to Notice for Discovery and Inspection." That order was patently inappropriate on its face in that it required one defendant, J&R Schugel, to produce a codefendant over whom it had no control. The order went much further than simply requiring J&R Schugel to use its "best efforts" to produce Black (*MS Partnership v Wal-Mart Stores*, 273 AD2d 858, 858). Contrary to the majority's position, J&R Schugel specifically raised its lack of control over Black when it opposed plaintiffs' motion. Indeed, we have no difficulty concluding that J&R Schugel's statement that "[i]t had no clue nor should it be charged with knowledge of [Black's] current whereabouts as he is merely an owner/operator of a truck on dispatch to [J&R] Schugel, not an employee under their control" more than adequately raises the issue. Additionally, counsel for J&R Schugel specifically raised the issue at oral argument of plaintiffs' motion to strike defendants' answer when, in responding to the court's query whether Black was still employed by J&R Schugel, counsel stated, "He was never actually employed by them. He's an owner/operator of a truck. So we actually tried to find out from J&R Schugel if they knew where he was and he's not an actual employee so that made it more difficult as well." Thus, the majority incorrectly asserts that it is raised "sua sponte" herein. Moreover, even if the issue had not been raised in opposition to plaintiffs' motion, the fact of the matter is that the order of May 18, 2010 compelling J&R Schugel to produce a former employee - who was also a codefendant - was unlawful in that the court was without power to issue such an order (*see McGowan*, 271 NY at 198; *Zappolo v Putnam Hosp. Ctr*., 117 AD2d 597; *Holloway v Cha Cha Laundry*, 97 AD2d 385; *Sparacino v City of New York*, 85 AD2d 688; *Frankel v French & Polyclinic Med. School & Health Ctr*., 70 AD2d 947).

The majority also incorrectly concludes that the issue was not raised on appeal. In any event, such an error of law is reviewable " 'despite the fact that it is raised for the first time on appeal inasmuch as [plaintiffs] could not have opposed that contention by factual showings or legal countersteps before [the court]' " (*Britt v Buffalo Mun. Hous. Auth*., 48 AD3d 1181, 1182; *see Oram v Capone,* 206 AD2d 839, 840). The lack of an employment relationship between J&R Schugel and Black, and therefore the lack of control, is undisputed and apparent from the face of the record. Thus, the reality of the situation is that the majority has concluded that J&R Schugel's answer should be stricken and that plaintiffs are entitled to partial summary judgment on liability because J&R Schugel failed to comply with an order that, at least with respect to J&R Schugel, the court had no power to issue (*see McGowan*, 271 NY at 198).

The majority also concludes that J&R Schugel "implicitly concedes its control over Black by virtue of its contention on appeal that it was ready and willing to produce Black at a second deposition but was unable to locate him." However, we are unable to conclude that a party's good faith attempts to comply with an unlawful order should be

used thereafter as a sword to strike down a patently meritorious contention regarding the unlawfulness of the order in the first instance. The majority further concludes that parties to a civil dispute are " 'free to chart their own litigation course.' " We hardly view J&R Schugel as having been "free" to chart its own litigation course when it was restricted by an order that the majority recognizes was made in error as a matter of law.

Although we acknowledge that Black and J&R Schugel Trucking were represented by the same counsel, we surmise that such an arrangement was no doubt the product of a cost-saving decision made by the insurance carrier rather than a calculated decision of J&R Schugel to seal its fate by linking itself to a former employee over whom it had no control. The majority fails to provide any authority for the proposition that the answer of one defendant can be stricken based on a codefendant's noncompliance with an order - which is precisely what the majority has approved here. *Reidel v Ryder TRS, Inc.* (13 AD3d 170, 171), relied upon by the majority, involves the striking of the answers of two defendants whose whereabouts were unknown - not the answer of a codefendant that had no control over the noncompliant party. Although plaintiffs were free to use contempt proceedings or a warrant of commitment and arrest to secure Black's presence at the further deposition, they failed to pursue those remedies (*see Mermelstein v Kalker*, 294 AD2d 413, 414; *Quintanilla v Harchack*, 259 AD2d 681, 682).

Moreover, in evaluating whether to strike the answer of one of two or more defendants, "[it] is incumbent upon the trial court to protect the rights of any innocent party whose cause of action or defense would be unfairly impaired by the imposition of a CPLR 3126 penalty on another, contumacious party" (*Quintanilla*, 259 AD2d at 682). Indeed, cases in which a court refuses, even if only conditionally, to strike a codefendant's answer where the adverse impact would fall most heavily upon the remaining defendant that is vicariously liable under Vehicle and Traffic Law § 388 are legion (*see e.g. Mermelstein*, 294 AD2d 413; *Quintanilla*, 259 AD2d at 682; *Magee v City of New York*, 242 AD2d 239; *Gonzalez v National Car Rental*, 178 AD2d 116; *Briley v Morriseau*, 99 AD2d 524; *Di Giantomaso v Kreger Truck Renting Co.*, 34 AD2d 964; *Rozakis v Tilo Co.*, 32 AD2d 930; *Rogonia v Ferguson*, 52 Misc 2d 298).

An identical factual setting was presented in *Mermelstein* (294 AD2d 413), where the former employee/driver refused to cooperate in defending the action against himself and his former employer, a codefendant. The Second Department concluded that Supreme Court erred in granting plaintiff's motion to strike the answer of the former employee/driver and that the more appropriate sanction was to preclude him from offering evidence on his own behalf at trial unless he appeared for an examination before trial no later than 30 days prior to trial (*id.* at 414).

Insofar as the photographs of the accident scene are concerned, after Black testified on July 21, 2009 with respect to their existence and potential location, plaintiffs made a specific request for them on

September 15, 2009 and they were produced less than four months later, on January 6, 2010.  The trial was scheduled for December 1, 2010.  Thus, plaintiffs had possession of the photographs for nearly a year before the trial date.  It is also of no small significance to our analysis that plaintiffs never moved for or obtained an order compelling the production of the photographs.  Although in February 2009 plaintiff served boilerplate demands for the production of photographs, it was not until Black's examination before trial in July 2009 that it was confirmed that he took photos at the accident scene.  As noted, J&R Schugel produced those photos in their entirety within four months of plaintiffs' specific letter request therefor.

Additionally, although plaintiffs claim prejudice from the delay in producing the photos, Black was deposed on July 21, 2009 and plaintiffs did not make a written request for the specific photos identified by Black until September 15, 2009.  This was four days *after* plaintiffs initially moved for partial summary judgment on the issue of negligence on September 11, 2009, and approximately two months after Black's deposition.  Plaintiffs made no attempt to obtain an extension of the scheduling order, which contained a cut-off date for the filing of summary judgment motions.  Further, plaintiffs claim that the photographs belied Black's deposition testimony that, at the time of the accident, it was sunny and the road was dry.  However, Black testified at his deposition that at the scene of the accident "[t]he road conditions changed from I would say from dry to at least three seconds before the accident to wet."  Thus, it cannot be said that the availability of the photos at the time of plaintiffs' summary judgment motion would have eliminated all issues of fact in plaintiffs' favor such that plaintiffs were substantively prejudiced by the delay in disclosure.  Here, there has been complete, albeit belated, compliance with plaintiffs' demand for photographs.

CPLR 3126 provides that, when a party refuses to obey an order to disclose or fails to disclose information that the court finds ought to have been disclosed, "the court may make such orders with regard to the failure or refusal *as are just*" (emphasis added).  We conclude that, under the circumstances, it was unjust and an abuse of discretion for the court to invoke the extreme and drastic penalty of striking defendants' answer (*see Greene v Mullen*, 70 AD3d 996, 996-997).  The more appropriate remedy with respect to the failure of Black to appear for a further deposition is to preclude Black from offering evidence on his own behalf at trial unless he appears for a further deposition no later than 30 days prior to trial (*see Mermelstein*, 294 AD2d at 414).  The more appropriate remedy for J&R Schugel's delay in producing the photographs is to impose a monetary sanction.  Plaintiffs have the photographs, and the matter should proceed to trial in accordance with the paramount goal of resolving cases on their merits (*see Mironer v City of New York*, 79 AD3d 1106, 1107).

We therefore would modify the order by reinstating the answer and granting plaintiffs' motion to the extent of precluding Black from offering evidence on his own behalf at trial unless he appears for a further deposition no later than 30 days prior to trial and by

directing that J&R Schugel pay plaintiffs the sum of $1,250 as a sanction for the delay in producing the photographs.