The defendant Benihana moved to strike the answer of the third-party defendant Nick Nappo, based upon Nappo’s failure to comply with two orders directing him to appear for an examination before trial. Nappo, in turn, cross-moved for summary judgment dismissing the third-party complaint insofar as asserted against him. In an order dated September 28, 2010, the Supreme Court granted Benihana’s motion to strike Nappo’s answer pursuant to CPLR 3126, and denied Nappo’s cross motion for summary judgment as academic.
Thereafter, Nappo moved for leave to reargue both his cross motion and his opposition to Benihana’s motion. In an order dated November 30, 2010, the Supreme Court granted leave to reargue and, upon reargument, adhered to its original determination denying Nappo’s cross-motion for summary judgment dismissing the third-party complaint insofar as asserted against him. However, “in the interests of justice,” the Supreme Court determined that “rather than striking the answer . . . the penalty shall be to preclude third-party defendant Nappo from testifying at trial (see CPLR 3126 [2]).”
The plaintiff moved for clarification of the order dated November 30, 2010, to establish that, despite the sanction of preclusion imposed upon Nappo, the plaintiff could call Nappo *630 as a witness at trial to prove his own case. In an order entered January 19, 2011, the Supreme Court denied the plaintiffs motion, and stated that Nappo was precluded from testifying “under any circumstances.” The plaintiff appeals, and we reverse.
“It is incumbent upon the trial court to protect the rights of any innocent party whose cause of action or defense would be unfairly impaired by the imposition of a CPLR 3126 penalty on another, contumacious party” (Quintanilla v Harchack, 259 AD2d 681, 682 [1999]). Here, the plaintiff did “ ‘nothing to incur a sanction which would have an adverse effect on [his] interests’ ” (Ingoglia v Leshaj, 1 AD3d 482, 485 [2003], quoting Tru-Check Computer Sys. v Comarco Data Servs., 154 AD2d 249, 250 [1989]). Accordingly, the Supreme Court erred in precluding the plaintiff from calling Nappo as a witness at trial (see Ingoglia v Leshaj, 1 AD3d at 485; Quintanilla v Harchack, 259 AD2d at 682; Williams v New Style Limousine, 1 Misc 3d 502, 509 [2003]). Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.